# EXHIBIT 3



1  ROD M. FLIEGEL, Bar No. 168289
   ALISON S. HIGHTOWER, Bar No. 112429
2  GILBERT A. CASTRO, Bar No. 269872
   LITTLER MENDELSON, P.C.
3  333 Bush Street, 34th Floor
   San Francisco, CA 94104
4  Telephone:  415.433.1940
   Facsimile:  415.399.8490
5
6  Attorneys for Defendant
   PPG INDUSTRIES, INC.

ENDORSED
FILED
ALAMEDA COUNTY
MAY 10 2016
CLERK OF THE SUPERIOR COURT
By Lanette Buffin, Deputy

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ALAMEDA

THOMAS MARTINEZ and MICHAEL CABRERA, individually and as representatives of the Class,

Plaintiffs,

v.

PPG INDUSTRIES, INC.,

Defendant.

Case No. RG16809889

DEFENDANT PPG INDUSTRIES, INC.'S ANSWER TO CLASS ACTION COMPLAINT

Defendant PPG Industries, Inc. ("Defendant"), through its undersigned counsel, answers the Complaint of Plaintiffs Thomas Martinez and Michael Cabrera.

**GENERAL DENIAL**

1. Pursuant to section 431.30(d) of the California Code of Civil Procedure, Defendant hereby answers Plaintiffs' unverified Complaint by generally denying each and every allegation contained therein, by denying that Plaintiffs have been damaged or have sustained any damages as a result of the conduct alleged therein and by asserting the following separate and distinct additional defenses. Defendant further denies that this case is appropriate for class treatment.

**ADDITIONAL DEFENSES**

2. Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following additional defenses. Defendant intends to rely upon any additional defenses that become

1.

Case No. RG16809889
ANSWER TO CLASS ACTION COMPLAINT

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940



available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses. Defendant also expressly denies the existence of any alleged putative class of "similarly situated" individuals that Plaintiffs purport to represent in this lawsuit pursuant to California Code of Civil Procedure § 382, Federal Rule of Civil Procedure 23, and California Business & Professions Code §§ 17203-17204. Defendant thus expressly denies the existence of any such group each and every time it references "Plaintiffs" as if fully set forth therein. All defenses asserted are also asserted against the putative class, except where the claim is asserted only on behalf of the named Plaintiff(s).

3. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

4. Plaintiffs' Complaint, and each and every cause of action contained therein, are barred in whole or in part because, at all material times, Defendant acted reasonably, in good faith and without malice based upon all relevant facts and circumstances known by Defendant at the time, and did not at any time willfully or negligently fail to comply with the applicable law, including but not limited to the Fair Credit Reporting Act ("FCRA") and the Investigative Consumer Reporting Agencies Act ("ICRAA").

5. Plaintiffs' claims for statutory damages and punitive damages violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the California Constitution because: (a) the punitive damages claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of punitive and/or statutory damages would constitute an arbitrary and capricious taking of Defendant's property which is unjustified by any rational governmental interest; (c) the award of punitive damages with wholly standardless discretion is inconsistent with due process; and/or (d) the statutes, including but not limited to Section 616 of the FCRA (15 U.S.C. § 1681n) and the ICRAA are unconstitutionally vague and unjustifiably arbitrary.

6. Plaintiffs' claims, and those of putative class members, are barred, in whole or in part, to the extent that Plaintiffs and putative class members did not suffer any cognizable injury nor suffer any damages and have no standing pursuant to Article III of the United States Constitution and California law.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

2.

Case No. RG16809889

ANSWER TO CLASS ACTION COMPLAINT

7. Plaintiffs' substantive claims and their claims for damages (including but not limited to Plaintiff Martinez's claim under sections 1786, *et seq.* of the California Civil Code), which seek to recover, among other things, punitive damages and/or penalties, violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the California Constitution. Defendant specifically alleges that section 1786.16 *et seq.* of the California Civil Code is unconstitutionally vague and ambiguous.

8. Plaintiffs' individual and class-wide claims are excluded from coverage by Section 604 of the FCRA (15 U.S.C. § 1681b) and corresponding provisions of California law to the extent that Defendant obtained any background reports in connection with an investigation of compliance with federal, state or local laws and regulations, the rules of self-regulatory organization or any pre-existing policies (15 U.S.C. § 1681a(y)).

9. Plaintiff Martinez's individual claims are subject to dismissal because the screening reports Defendant received were not "consumer reports" within the meaning of the ICRAA.

10. Plaintiffs' claims are barred, in whole or in part, because notwithstanding Defendant's alleged non-compliance, Plaintiffs otherwise were aware of their purported statutory rights.

11. Defendant alleges that it has complied with the FCRA and the ICRAA in the handling of Plaintiffs' consumer reports and/or investigative consumer reports and is, therefore, entitled to each and every defense stated in and available under the FCRA and the ICRAA and to all limitations of liability.

12. Defendant alleges that Plaintiffs' Complaint, and each and every cause of action contained therein, are barred in whole or in part because Plaintiffs failed to comply fully or at all with procedures available and/or required under the FCRA and the ICRAA to address Plaintiffs' concerns and/or otherwise failed to take reasonable steps to avoid harm.

13. The damages alleged by Plaintiff Martinez under California law are not reasonable and are thus barred by California Civil Code § 3359.

14. Plaintiffs' Complaint, and each and every claim for relief therein, are barred in whole or in part to the extent Plaintiffs seek to recover for alleged harm that is outside of the applicable

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

3.   Case No. RG16809889

ANSWER TO CLASS ACTION COMPLAINT

statute of limitations, including but not limited to, 15 U.S.C. § 1681p of the FCRA and California Civil Code § 1786.52 of the ICRAA.

15. Plaintiffs' claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

16. All of Plaintiffs' claims on behalf of absent putative class members fail because Plaintiffs cannot meet their burden of demonstrating that each requirement of class certification, including but not limited to ascertainability, adequacy, typicality, commonality, predominance, and superiority, is met here, and because certifying a class in the circumstances of this case would violate Defendant's rights to due process under the law. To the extent that class certification is nonetheless granted at a future date, Defendant alleges and asserts each of the defenses previously stated herein against each and every putative class member.

17. Adjudication of this action on a class-wide basis, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's rights to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution. *See, e.g., Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011).

18. The Complaint is barred in whole or in part because Plaintiffs did not suffer any cognizable damage or other harm as a proximate result of any alleged act or omission of Defendant or its agents or employees.

19. Assuming that Plaintiffs suffered or sustained any loss, damage or injury, which Defendant specifically denies, such loss, damage or injury was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the purported loss, damage or injury of which Plaintiffs complain.

20. Defendant does not presently know of all facts concerning the conduct of Plaintiffs and the putative class members they seek to represent sufficient to state all affirmative defenses at the time. Defendant expressly reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

WHEREFORE, DEFENDANT prays for judgment in its favor and against Plaintiffs as follows:

1. That the Complaint be dismissed with prejudice;
2. That Plaintiffs take nothing by way of the Complaint;
3. That Defendant recover its attorney's fees, costs and disbursements in this action; and
4. For such other and further relief as the Court deems just and proper.

Dated: May 10, 2016

*/s/ Alison S. Hightower*
ROD M. FLIEGEL
ALISON S. HIGHTOWER
GILBERT A. CASTRO
LITTLER MENDELSON, P.C.
Attorneys for Defendant
PPG INDUSTRIES, INC.

Firmwide:140142484.2 034801.2117

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

5.

Case No. RG16809889

ANSWER TO CLASS ACTION COMPLAINT

**COPY**

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: 168289 / 112429 | FOR COURT USE ONLY |
|---|---|
| NAME: Rod M. Fliegel / Alison S. Hightower<br>FIRM NAME: Littler Mendelson, P.C.<br>STREET ADDRESS: 333 Bush Street, 34th Floor<br>CITY: San Francisco  STATE: CA  ZIP CODE: 94104<br>TELEPHONE NO.: 415.433.1940  FAX NO.: 415.399.8490<br>E-MAIL ADDRESS: rfliegel@littler.com / ahightower@littler.com<br>ATTORNEY FOR (name): Defendant PPG Industries, Inc. | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>MAY 10 2016<br>CLERK OF THE SUPERIOR COURT<br>By Lanette Buffin, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

Plaintiff/Petitioner: Thomas Martinez and Michael Cabrera
Defendant/Respondent: PPG Industries, Inc.

**PROOF OF SERVICE—CIVIL**

| CASE NUMBER: RG16809889 |
|---|
| JUDICIAL OFFICER: |
| DEPARTMENT: |

**Check method of service** *(only one):*
☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery
☐ By Messenger Service   ☐ By Fax

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**

2. My residence or business address is:
Littler Mendelson, P.C., 333 Bush Street, 34th Floor, San Francisco, CA 94104

3. ☐ The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* May 10, 2016    I served the following **documents** *(specify):*
   Defendant PPG Industries, Inc.'s Answer to Class Action Complaint

   ☐ The documents are listed in the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:
   a. Name of person served:
   b. ☐ *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
      Business or residential address where person was served:

   c. ☐ *(Complete if service was by fax.)*
      (1) Fax number where person was served:

      (2) Time of service:

   ☒ The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
POS-040 [Rev. January 1, 2016]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1011, 1013, 1013a
2015.5; Cal. Rules of Court, rule 2.306
www.courts.ca.gov



FAXED

POS-040

| CASE NAME: Martinez, et al. v. PPG Industries, Inc. | CASE NUMBER: RG16809889 |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Francisco, California

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 10, 2016

Charisse Goodman
(TYPE OR PRINT NAME OF DECLARANT)

▶ *(signature)*
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

(NAME OF DECLARANT)    ▶    (SIGNATURE OF DECLARANT)

POS-040 [Rev. January 1, 2016]    **PROOF OF SERVICE—CIVIL**    Page 2 of 3
(Proof of Service)

American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040(P)

| SHORT TITLE: Martinez, et al. v. PPG Industries, Inc. | CASE NUMBER: RG16809889 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

(This attachment is for use with form POS-040.)

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served<br>(If the person served is an attorney, the party or parties represented should also be stated.) | Where Served<br>(Provide business or residential address where service was made by personal service, mail, overnight delivery, or messenger service. For other means of service, provide fax number or electronic service address, as applicable.) | Time of Service<br>(Complete for service by fax transmission or electronic service.) |
|---|---|---|
| Laura L. Ho, Esq.<br>William C. Jhaveri-Weeks, Esq.<br>Byron R. Goldstein, Esq.<br>Attorneys for Plaintiffs | Goldstein, Borgen, Dardarian & Ho<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612 (business) | Time: _____ |
| Anna P. Prakash, Esq.<br>Brock J. Specht, Esq.<br>Attorneys for Plaintiffs | Nichols Kaster, PLLP<br>4600 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402 (business) | Time: _____ |
| Bruce C. Fox, Esq.<br>Attorneys for Plaintiffs | Oberymayer, Rebmann, Maxwell & Hippel, LLP<br>BNY Mellon Center<br>500 Grant Street, Suite 5240<br>Pittsburgh, PA 15219 (business) | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [Rev. July 1, 2011]

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
(Proof of Service)

Page 1 of 1

www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com