# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS MARTINEZ AND MICHAEL CABRERA, INDIVIDUALLY AND AS REPRESENTATIVES OF THE CLASS | § § § § § § § | |
| PLAINTIFFS, | § § § | |
| V. | § § | CIVIL ACTION NO. 2:16-CV-1230-DSC |
| PPG INDUSTRIES, INC., | § § § | |
| DEFENDANT. | § § § § § § § | |

This Class Action Settlement Agreement is entered into between Thomas Martinez and Michael Cabrera ("Plaintiffs"), individually, and on behalf of all Settlement Class Members as defined herein, and Defendant PPG Industries, Inc. ("Defendant"), and is subject to the terms and conditions hereof and the final approval of the United States District Court for the Western District of Pennsylvania.

## DEFINITIONS

1.    Action.   The "Action" means the Class Action Complaint (Doc. No. 1-1) of Plaintiffs in the civil action styled: No. 2:16-cv-01230 DSC, *Thomas Martinez and Michael Cabrera individually and as representatives of the Class v. PPG Industries, Inc.*, which Complaint was filed by Plaintiffs in the Superior Court of the State of California, County of Alameda, removed to the United States District Court for the Northern District of California, and

transferred to the United States District Court for Western District of Pennsylvania, where it is currently pending.

2.    <u>Authorized Claimant</u>.    "Authorized Claimant" means any Settlement Class Member who submits a timely and valid Claim Form by or before the Bar Date and who becomes entitled to receive an "Individual Settlement Payment" (defined in Paragraph 16 below) under this Settlement Agreement.

3.    <u>Bar Date</u>.  "Bar Date" is the date that is forty-five (45) calendar days after the date on which the Claims Administrator post-marks the Settlement Notice and Claim Forms to the Settlement Class Members.

4.    <u>Claims Administrator</u>.  "Claims Administrator" means Angeion Group, who will perform all of the administrative duties assigned below in Paragraphs 48-53.

5.    <u>Claim Form</u>.  "Claim Form" means the Proof of Claim for use by Settlement Class Members who choose to file a claim in the Action.  A copy of the Claim Form is attached hereto as Exhibit B.

6.    <u>Claim Submission Period</u>.  The "Claim Submission Period" means the period beginning with the date the Settlement Notice and Claim Forms are post-marked to Settlement Class Members and ending on the Bar Date.

7.    <u>Class Counsel</u>.  "Class Counsel" shall mean:

> Laura L. Ho, Esq.
> GOLDSTEIN, BORGEN, DARDARIAN & HO
> 300 Lakeside Drive, Suite 1000
> Oakland, California 94612
> Telephone: (510) 763-9800
>
> Brock J. Specht
> NICHOLS KASTER, PLLP
> 4600 IDS Center
> 80 South Eighth Street

Minneapolis, MN  55402
Telephone (612) 256-3200


Bruce C. Fox
Jeffrey B. Cadle
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
500 Grant Street, Ste. 5240
Pittsburgh, PA 15219
Telephone (412) 566-1500

8.     <u>Class Counsel's Fees and Costs</u>.  Defendant understands Class Counsel intends to seek court approval for attorneys' fees and costs up to One Hundred and Eighty One Thousand Dollars and Zero Cents ($181,000.00).  Defendant agrees not to oppose this fee application as long as it is for no more than this amount.  Whatever amount is approved by the Court shall be paid from and is included in the Gross Settlement Sum.

9.     <u>The Court</u>.  The "Court" refers to the United States District Court for the Western District of Pennsylvania.

10.    <u>Defendant</u>.  "Defendant" means PPG Industries, Inc.

11.    <u>Final Approval Order</u>.  "Final Approval Order" refers to the Order entered and filed by the Court that finally approves the Settlement Agreement's terms and conditions, in substantially the form attached as Exhibit F.

12.    <u>Final Effective Date</u>.  "Final Effective Date" refers to the first date after all of the following events and conditions have been met or have occurred: (i) the Court entered the Preliminary Approval Order; (ii) the Bar Date passed; (iii) the Court entered a Final Approval Order and Final Judgment; (iv) the deadline has passed without action for counsel for the Parties to terminate the Settlement Agreement; (v) the time to appeal from the Final Approval Order has expired and no Notice of Appeal has been filed or in the event that an appeal is filed, the appellate process is exhausted and the Final Approval Order has remained intact in all material

respects; and (vi) the Final Fairness Hearing has occurred.  The Parties agree the Court shall retain jurisdiction to enforce the terms of the Settlement Agreement unless specifically set forth otherwise herein.

13.    <u>Final Fairness Hearing</u>.    "Final Fairness Hearing" means the hearing contemplated by the Parties, at which the Court will approve, in final, the Settlement Agreement, enter the Final Judgment, and make such other final rulings as are contemplated by this Settlement Agreement.  The date of the Final Fairness Hearing shall be set by the Court and notice of such hearing shall be provided to the Settlement Class Members and in the Settlement Notice, although such hearing may be continued by the Court without further notice to Settlement Class Members, other than those who are Objectors.  To allow for all the events set forth in this Settlement Agreement to occur, the Parties shall request the Court schedule the Final Fairness Hearing no sooner than one hundred and twenty (120) days after entering the Preliminary Approval Order.

14.    <u>Final Judgment</u>.  "Final Judgment" refers to the judgment entered by the Court in conjunction with the Final Approval Order dismissing the Action with prejudice.  The Parties shall submit an order of Final Judgment setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Fairness Hearing or at such other time as the Court deems appropriate.

15.    <u>Gross Settlement Sum or GSS</u>.  This Settlement shall be on a claims-made basis. The "Gross Settlement Sum" is Five Hundred and Ninety Thousand Dollars and Zero Cents ($590,000.00), which represents the maximum total payment that Defendant will pay for any reason under this Settlement Agreement, inclusive of Individual Settlement Payments, Class Counsel's Fees and Costs, the Service Awards, and Settlement Expenses (i.e., Notice costs, etc.),

and irrespective of whether the total persons in the Settlement Class is greater than the number estimated in Paragraph 35 below.

The GSS is comprised of the following, if and as approved by the Court:

- <u>Class Payout</u>: Estimated at $55.00 but not to exceed $265.00 for each member of the Single Disclosure Subclass that submits a valid, timely Claim Form, and estimated at $45.00 but not to exceed $217.30 for each member of the Multiple Disclosure Subclass that submits a valid, timely Claim Form.  If the claimed amount exceeds the Net Settlement Sum (defined below), the amounts paid out will be reduced *pro rata* so that the maximum payout to Authorized Claimants does not, and cannot, exceed the Net Settlement Sum;

- <u>Notice and administration costs</u>: up to $30,000.00; if costs exceed $30,000.00, any additional such amounts shall come from the Gross Settlement Sum, and shall result in a corresponding reduction to the Net Settlement Sum, but shall not reduce either the Service Awards or attorney's fees and costs as a result;

- <u>Service Awards to Plaintiffs</u>: $5,000.00 for Plaintiff Michael Cabrera and $10,000.00 for Plaintiff Thomas Martinez; and

- <u>Attorney's fees and costs to class counsel</u>: in an amount awarded by the Court up to $181,000.00.

16.     <u>Individual Settlement Payment</u>.   "Individual Settlement Payment" means the payment to an Authorized Claimant under the terms of this Settlement Agreement.

17.     <u>Multiple Disclosure Subclass</u>.  For purposes of this Settlement Agreement, the "Multiple Disclosure Subclass" shall be defined as the following subclass of the Settlement Class:  All Settlement Class Members who executed a disclosure form and who were sent the system generated e-mail disclosure that Defendant produced to Plaintiffs as Bates PPG000001. Plaintiff Thomas Martinez is a member of the Multiple Disclosure Subclass.

18.     <u>Net Settlement Sum or NSS</u>.  "Net Settlement Sum" or "NSS" means the Gross Settlement Sum less the amount of Class Counsel's Fees and Costs, Settlement Expenses, and the Service Awards to Plaintiffs, if and as approved by the Court.

19.   <u>Objection Period</u>.  "Objection Period" refers to the period beginning with the date the Settlement Notice and Claim Forms are post-marked to Settlement Class Members and ending on the Bar Date.

20.   <u>Objector</u>.  "Objector" is a Settlement Class Member who has timely and properly objected to the Settlement Agreement during the Objection Period.

21.   <u>Parties</u>.  "Parties" refers to the Plaintiffs, Defendant, and, in the singular, refers to any of them, as the context makes apparent.

22.   <u>Plaintiffs</u>.  "Plaintiffs" refer to Thomas Martinez and Michael Cabrera.

23.   <u>Preliminary Approval Order</u>.  "Preliminary Approval Order" is the Order entered and filed by the Court that preliminarily approves the Settlement Agreement's terms and conditions, including the manner and content of providing notice to the Settlement Class, in substantially the form attached as Exhibit E.

24.   <u>Released Claims</u>.  "Released Claims" means any and all individual and/or class action, collective action or mass action, asserting any claims based on the facts alleged in the complaint in the Action or like claims under or related in any way to the federal Fair Credit Reporting Act ("FCRA") or any state and local law equivalent and any and all derivative claims arising during the period between April 1, 2014, and June 26, 2016, for the Settlement Class. This includes all types of relief available for the above referenced theories of relief, including, without limitation, any claims for civil or statutory penalties, actual or statutory damages, compensatory damages, punitive damages, fines, liens, attorneys' fees, costs, expenses, interest, injunctive or declaratory relief, equitable relief, or similar relief.  The Released Claims also include all claims for statutory and/or punitive damages resulting from any alleged willful or grossly negligent violation of the FCRA or any state or local law equivalent, but not alleged

negligent violations, and the right to seek relief for such Released Claims by means of a class action, collective action or mass action or proceeding.  It is expressly intended and understood by the Parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Settlement Class Members' Released Claims.  No Settlement Class Member may circumvent the spirit and intent of this provision by seeking to join in any way together with any other Settlement Class Members in any action whatsoever, including any mass action under the Class Action Fairness Act ("CAFA") or otherwise, that asserts such Released Claims discussed in this Paragraph.

25.    <u>Released Parties</u>.  "Released Parties" refers to Defendant, all affiliated entities, and their past, present, and future parent companies, holding companies, limited liability companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, members, managers, trustees, subcontractors, customers, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendant or affiliated entities, or divisions, units, branches, and any other persons or entities acting by through, under or in concert with them, including any party that was or could have been named as a defendant in the Action, but excluding only consumer reporting agencies.

26.    <u>Service Awards</u>.  "Service Awards" mean the amounts to be approved by the Court for payments to Plaintiffs in recognition of their efforts on behalf of the Settlement Class in the Action.  The allocation of the Service Awards has been determined based upon the amount of time expended by Plaintiffs in actively pursuing this Action and the alleged inherent risks of being a named plaintiff, and, if approved by the Court, shall include a total of up to Five

Thousand Dollars and Zero Cents ($5,000.00) to Plaintiff Michael Cabrera and a total of up to

Ten Thousand Dollars and Zero Cents ($10,000.00) to Plaintiff Thomas Martinez, in the amounts

awarded by the Court.  These awards reflects the work Plaintiffs have performed in assisting

Class Counsel with this litigation and pursuing this litigation, including numerous telephonic

conferences with Class Counsel; and assisting with drafting the Complaint.  The awards also

reflect the work they shall perform through the approval process of this Settlement Agreement.

The awards are also in exchange for Plaintiffs' General Release.

27.     The Service Awards shall be in addition to any amount to which Plaintiffs may be

entitled to receive through a Claim Form submitted as to the Net Settlement Sum.  To be eligible

for any Service Award, Plaintiffs shall execute a separate (non-confidential) General Release of

All Claims, which is Exhibit C hereto.

28.     <u>Settlement</u>.  "Settlement" shall refer to the agreement of the Parties to settle the

claims as set forth and embodied in this Settlement Agreement.

29.     <u>Settlement Agreement</u>.  "Settlement Agreement" shall refer to this Class Action

Settlement Agreement.

30.     <u>Settlement Class and Settlement Class Members</u>.  For purposes of this Settlement

Agreement, the "Settlement Class" shall be defined as follows: <u>All employees and/or prospective

employees of Defendant within the United States who were subject to a background check by

Defendant anytime between and including April 1, 2014 and June 26, 2016 (the "Class Period")</u>.

"Settlement Class Members" shall mean those individuals who fall within either the "Single

Disclosure Subclass" or the "Multiple Disclosure Subclass" (defined in Paragraphs 17 and 31)

and who do not opt-out of the Settlement pursuant to Paragraph 51 below.

31. <u>Single Disclosure Subclass</u>.  For purposes of this Settlement Agreement, the "Single Disclosure Subclass" shall be defined as the following subclass of the Settlement Class: All Settlement Class Members who executed a single disclosure form and who were not sent the system generated e-mail disclosure that Defendant produced to Plaintiffs as Bates PPG000001.

32. <u>Settlement Expenses</u>.  "Settlement Expenses" means the reasonable fees, costs, and expenses the Claims Administrator incurred or are anticipated to incur in performing the services authorized in this Settlement Agreement, which shall be paid from the Gross Settlement Sum directly to the Claims Administrator, not to exceed Thirty Thousand Dollars and Zero Cents ($30,000.00).  As required by the Claims Administrator, and subject to court approval, Defendant shall make the initial, necessary deposit to the Claims Administrator, which shall be credited against the Gross Settlement Sum.  Any overage of Settlement Expenses beyond the estimated $30,000.00 shall require court approval, and be deducted from, or credited against, the Gross Settlement Sum and shall cause a corresponding deduction to the Net Settlement Sum.

33. <u>Settlement Formula</u>.  "Settlement Formula" means the method agreed upon by the Parties to calculate Individual Settlement Payments as set forth in Paragraph 45.

34. <u>Settlement Notice</u>.  "Settlement Notice" refers to the notice substantially in the form of Exhibit A to be directed and sent to Settlement Class Members following the entry of the Preliminary Approval Order to notify the Settlement Class of the Settlement and to explain the Settlement and Settlement Class Members' options, which is to be mutually agreed upon by the Parties and approved by the Court.

<u>**REPRESENTATIONS**</u>

35. Defendant hereby represents, based on Defendant's diligence in investigating the allegations in the Action, that the Settlement Class consists of approximately 7,628 individuals of which approximately 2,194 individuals are members of the Single Disclosure Subclass and

approximately 5,434 individuals are members of the Multiple Disclosure Subclass.  If there is an increase in the number of individuals in the Settlement Class, any payment of additional claims shall come from the funds designated for *cy pres* distribution set forth in Paragraph 45 below.  If the funds designated for *cy pres* distribution are insufficient to satisfy any additional claims, the Parties will meet and confer to determine the appropriate course of action.

36.     Defendant further represents that, on or about June 26, 2016, it ceased using the authorization and disclosure form for employment purposes under the FCRA that is attached as Exhibit 1 to Plaintiffs' Class Action Complaint (Doc. No. 1-1).

37.     Defendant further represents that, prior to the date of this Settlement Agreement, it provided Class Counsel with a copy of the revised authorization and disclosure form for employment purposes under the FCRA that it presently uses and has used since June 27, 2016.

38.     Inasmuch as Defendant's intent in entering into this Settlement Agreement is to avoid further litigation, and within ten (10) calendar days of executing this Settlement Agreement, Class Counsel and all other counsel of record for Plaintiffs in the Action shall represent and disclose in writing to Defendant's Counsel any and all claims, actions or lawsuits that they are currently intending to pursue against Defendant.

39.     The Parties recognize that these representations set forth above in Paragraphs 35-38 are material terms of this Settlement Agreement.

## TERMS AND CONDITIONS

40.     NOW THEREFORE, in consideration of the promises and warranties set forth below, and intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set herein, Plaintiffs, individually and on behalf of the Settlement Class, on the

one hand, and Defendant, on the other hand, agree that the Action shall be, and is finally and fully compromised and settled, on the following terms and conditions:

41.    <u>Non-Admission Of Liability</u>.  The Parties enter into this Settlement Agreement to resolve the dispute that has arisen between them and to avoid the burden, expense and risk of continued litigation.  In entering into this Settlement Agreement, Defendant does not admit, and specifically denies, that it has violated any federal, state or local law; violated any regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements;  breached any contract;  violated or breached any duty;  engaged in any misrepresentation or deception; or engaged in any other unlawful conduct with respect to its applicants or employees.  Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendant of any such violation(s) or failure(s) to comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of this Settlement Agreement, this Settlement Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendant or to establish the existence of any condition constituting a violation of, or noncompliance with, federal, state, local or other applicable law.  In addition, the Parties intend this Settlement to be contingent upon the preliminary and final approval of this Settlement Agreement; and the Parties do not waive, and instead expressly reserve, their respective rights to prosecute and defend this Action as if this Settlement Agreement never existed in the event that the Settlement is not fully and finally approved on the terms precisely as set forth herein.

42.     <u>Release Of Claims</u>.

      a.     As of the Final Effective Date, and except as to such rights or claims this Settlement Agreement creates, Plaintiffs and all Settlement Class Members who have not timely and properly opted-out of the Settlement shall be deemed to have forever and fully released all Released Claims (defined above in Paragraph 24).

      b.     Settlement Class Members (with respect to Released Claims) and Plaintiffs (with respect to Plaintiffs' General Release of All Claims) expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code and any comparable or analogous provision of any other state or local law, statute or rule.  Section 1542 states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

      c.     The Parties agree for settlement purposes only that, because the Settlement Class is so numerous, it is impossible or impracticable to have each Settlement Class Member execute this Settlement Agreement.  Accordingly, the Settlement Notice will advise all Settlement Class Members of the binding nature of the release and such notice shall have the same force and effect as if each Settlement Class Member executed the Settlement Agreement.

      d.     Plaintiffs and Class Counsel represent, covenant, and warrant they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged, except as set forth herein.

43.   <u>Full General Release Of All Claims By Plaintiffs</u>.  Plaintiffs have entered into a separate (non-confidential) General Release of All Claims with Defendant, and that separate agreement, which is Exhibit C hereto, is incorporated by reference.   Among other things, Plaintiffs' General Release of All Claims provides that Plaintiffs do not desire re-employment with Defendant and Plaintiffs expressly agree not to seek any future employment with Defendant.

44.   <u>Individual Settlement Payments, Class Counsel's Fees and Costs, Service Awards and Settlement Expenses</u>.  Subject to final court approval and the conditions specified in this Settlement Agreement, and in consideration of the mutual covenants and promises set forth herein and as set forth in the General Release of All Claims (Exhibit C hereto), Defendant agrees to make a total payment under this Settlement Agreement not to exceed Five Hundred and Ninety Thousand Dollars and Zero Cents ($590,000.00) for the Settlement Class (*i.e.*, the Gross Settlement Sum or GSS).  The GSS includes payments to be made to Authorized Claimants, Class Counsel's Fees and Costs, the Service Awards to Plaintiffs, and Settlement Expenses. Defendant shall not be required to pay any amounts above the GSS under this Settlement Agreement, except as set forth in paragraph 35 above.   The Parties agree, subject to court approval, that the GSS shall be apportioned as follows:

a.   At the Final Fairness Hearing, Class Counsel will seek approval from the Court for an award of attorneys' fees and costs in the sum of One Hundred and Eighty One Thousand Dollars and Zero Cents ($181,000.00).   These attorneys' fees and costs shall come from and be deducted from the GSS.  Defendant agrees not to oppose such application, but will defer entirely to the Court in assessing the application for such fees and costs.  Nevertheless, this Settlement is not conditioned upon Court approval of attorneys' fees and costs in any amount,

and this Settlement Agreement shall remain in full force and effect even if the Court declines to award attorney's fees in the amount requested by Class Counsel, and/or awards a lesser amount than the amount requested by Class Counsel.

b.     At the Final Fairness Hearing, Class Counsel will also apply to the Court for Service Awards in the sum of Five Thousand Dollars and Zero Cents ($5,000.00) to be paid to Plaintiff Michael Cabrera and in the sum of Ten Thousand Dollars and Zero Cents ($10,000.00) to be paid to Plaintiff Thomas Martinez.   Defendant will not oppose such application, but defers entirely to the Court in assessing the application for the Service Awards. The Service Awards are included in, and shall come from, the GSS.

45.     <u>Calculation of Claims</u>.

a.     <u>Individual Settlement Payments</u>.     The estimated payment to each Settlement Class Member shall be determined as follows:  Each member of the Single Disclosure Subclass who timely submits a valid Claim Form shall receive an Individual Settlement Payment estimated at Fifty-Five Dollars and Zero Cents ($55.00) from the Net Settlement Sum, not to exceed Two Hundred and Sixty-Five Dollars and Zero Cents ($265.00).  Each member of the Multiple Disclosure Subclass who timely submits a valid Claim Form shall receive an Individual Settlement Payment estimated at Forty-Five Dollars and Zero Cents ($45.00) from the Net Settlement Sum, not to exceed Two Hundred and Seventeen Dollars and Thirty Cents ($217.30). If the total estimated Individual Settlement Payments claimed by Authorized Claimants exceeds the Net Settlement Sum, each Authorized Claimants' Individual Settlement Payment shall be reduced *pro rata* such that the total payment to Authorized Claimants does not exceed the NSS. Any *pro rata* reduction must maintain the same above ratio for Individual Settlement Payments as between the Single Disclosure Class and the Multiple Disclosure Class—i.e., each member of

the Single Disclosure Class must receive 1.22 times more than each member of the Multiple Disclosure Class.

        b.    <u>Guaranteed Minimum Payout of Net Settlement Fund</u>.  The Parties agree that the total amount actually distributed to Authorized Claimants shall equal at least 50% of the Net Settlement Sum (the "Guaranteed Minimum Payout").  Accordingly, if the total estimated Individual Settlement Payments claimed by Authorized Claimants equals less than 50% of the NSS by paying claimants in the Multiple Disclosure Subclass $45 and the claimants in the Single Disclosure Subclass $55 each, the Claims Administrator shall proportionally increase the Individual Settlement Payments for each Authorized Claimant to ensure that the total payout to Authorized Claimants equals the Guaranteed Minimum Payment subject to a maximum payment per Authorized Claimant in the Single Disclosure Subclass of Two Hundred and Sixty-Five Dollars and Zero Cents ($265.00).  This *pro rata* increase shall maintain the same ratio as stated in Paragraph 45(a) above for Individual Settlement Payments as between the Single Disclosure Subclass and the Multiple Disclosure Subclass—i.e., each member of the Single Disclosure Subclass must receive 1.22 times more than each member of the Multiple Disclosure Subclass. If, after this proportional increase, the total estimated Individual Settlement Payments claimed by Authorized Claimants is still less than 50% of the Net Settlement Sum, the difference between the total estimated Individual Settlement Payments and the Guaranteed Minimum Payout shall be paid by Defendant to the agreed-upon *cy pres*, Urban League of Greater Pittsburgh .  Any unclaimed amounts above 50% of the Net Settlement Sum shall be and remain the exclusive property of Defendant.

46.    <u>Tax Treatment of Service Award and Individual Settlement Payments</u>.    The Settlement Administrator will issue Plaintiffs an IRS Form 1099 for the amount of their Service Awards and Individual Settlement Payments.

a.    All Parties represent that they have not received, and shall not rely on, advice or representations from other parties or their agents regarding the tax treatment of payments under federal, state, or local law. In this regard, Defendant, Plaintiffs, and Class Counsel make no representations regarding the taxability of the Individual Settlement Payments.

b.    Except as provided in Paragraph 44, each Party shall bear his, her, or its own attorneys' fees, costs, and expenses incurred in the prosecution, defense, or settlement of the Action.

47.    <u>Injunctive Relief and Consent Order</u>.

a.    In consideration for the release (above in Paragraph 42), and without admitting liability for any of the alleged acts or omissions, and in the interest of minimizing the costs inherent in any litigation, Defendant agrees that it will continue to use the disclosure and authorization form it began using on June 27, 2016, or a substantially similar form of disclosure and authorization, and that Defendant agrees not to deliberately return to the form of the background check disclosure and authorization that had been provided to Plaintiffs on or before June 2016.

b.    In recognition of the fact that the business and regulatory landscape may significantly change over time, the Parties agree that this term shall expire upon the earliest of the following two dates: (a) one (1) year after entry of a non-appealable order granting final approval of the Settlement in this Action; or (b) the date upon which there are changes to any applicable statute, regulation, or other law or judicial decision that Defendant reasonably

believes would require a modification to this term to comply with the applicable statute, regulation, or law.  Before any person or entity (including any Settlement Class Member) may initiate any court proceeding or other action alleging that Defendant has breached the injunctive relief provision set forth above, that person or entity must serve written notice on Defendant's Counsel (with copy to Class Counsel) stating with specificity the basis for the allegation. Defendant will then have thirty (30) calendar days from receipt of notice to cure any alleged breach.  No person or entity may initiate any court proceeding or other action alleging that Defendant has breached the injunctive relief provision set forth above until this thirty (30) calendar day period has expired.  If Defendant cures the alleged breach within thirty (30) calendar days, then Defendant shall not be deemed to have breached the injunctive relief set forth above.

        c.      In their motion for preliminary approval of this Settlement, Plaintiffs shall request that the Court enter the Joint Stipulation and Consent Order attached hereto as Exhibit D. Plaintiffs and Class Counsel have agreed to entry of this Joint Stipulation and Consent Order based on confirmatory discovery that Defendant provided to Plaintiffs concerning Defendant's disclosure and authorization form in use since June 27, 2016, and confirm that this disclosure and authorization form complies with the FCRA.

        48.     <u>Notice Procedure</u>.

        a.      The Claims Administrator shall distribute the Settlement Notices and the Individual Settlement Payments.

        b.      Within five (5) calendar days of the Court entering the Preliminary Approval Order, Defendant shall provide to the Claims Administrator, and only the Claims Administrator, a list of Settlement Class Members that identifies for each Settlement Class

Member his/her name and last known address.  The list will also identify for each Settlement Class Member whether the member is within the Single Disclosure or Multiple Disclosure subclass.  Defendant's Counsel agrees to consult with the Claims Administrator as required to provide the list in a format reasonably acceptable.  The Claims Administrator will not divulge this class list or information on this list to Class Counsel or any other attorney representing Plaintiffs in this Action, other than the number of Settlement Class Members in each of the subclasses.  The Claims Administrator will keep the list strictly confidential, use it only for the purposes described herein, and take adequate safeguards to protect confidential or private information.  Should the Claims Administrator receive questions or inquiries from Settlement Class Members regarding the Settlement, the Claims Administrator shall, in the first instance, refer the Settlement Class Members to the Settlement Notice.  If there are subsequent questions or inquiries from the same Settlement Class Members, seeking information that is outside the scope of the Settlement Notice, the Claims Administrator shall refer such Settlement Class Members to Class Counsel.

c.      Within fifteen (15) calendar days of the Court entering the Preliminary Approval Order, the Claims Administrator shall send the Settlement Notice and Claim Form to each Settlement Class Member, along with a pre-paid, self-addressed return envelope. Defendant's Counsel, Class Counsel and the Claims Administrator collectively may correct immaterial errors on the Settlement Notice, Claim Form or other mailed materials without approval from the Court, provided the changes do not alter the preliminary approval by the Court.

d.      Settlement Class Members will have forty-five (45) calendar days from the initial mailing of Claim Forms by the Claims Administrator to submit their claims or opt out,

with proof of submission date being the postmark date.  Settlement Class Members will also have forty-five (45) calendar days from the initial mailing of Claim Forms by the Claims Administrator to object to the Settlement in manner prescribed by Paragraph 52.  Settlement Class Members must opt out of the Settlement individually.  So-called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members where no personal statement has been signed by each and every individual Settlement Class Member, are not allowed and will have no force or effect in this Action.

       e.      The Claims Administrator shall re-mail any Settlement Notice and Claim Form returned by the Post Office with a forwarding address.  It shall be conclusively presumed that those Settlement Class Members whose re-mailed Settlement Notice and Claim Form is not returned to the Claims Administrator as undeliverable within ten (10) calendar days after re-mailing, actually received the Settlement Notice and Claim Form.

       f.      Within seven (7) calendar days of receiving any undelivered envelopes, the Claims Administrator will perform one skip trace using Social Security numbers provided by Defendant, as needed, to verify the accuracy of the addresses provided and re-mail the Settlement Notice and Claim Form for those forms returned to sender.  That Authorized Claimant will then have until the Bar Date or ten (10) calendar days after the Settlement Notice and Claim Form are re-mailed to submit their Claim Form, opt-out or object to the Settlement, whichever is later.  The Parties recognize Accurint, or something comparable, is an appropriate research tool for this purpose.

       g.      Within seven (7) calendar days of the Claims Administrator receiving any deficient Claim Form, the Claims Administrator shall re-mail the Claim Form to the Settlement

Class Member along with a return envelope, and identify the deficiency for the Settlement Class Member and inform the Settlement Class Member that he/she has until the Bar Date or ten (10) calendar days after the Claim Form is re-mailed, whichever is later, for him/her to re-submit his/her Claim Form.  Any Claim Form that is cured after the ten (10) calendar day period or the Bar Date, whichever is later, will not be considered effective.  The postmark date shall determine whether the deficiency in the Claim Form is timely cured.

   h. Ten (10) days before the Bar Date, the Claims Administrator will mail a postcard reminder in substantially the same form as Exhibit G to any Settlement Class Member who has not submitted an opt out nor a claim form.

   i. The Claims Administrator shall provide to the Court, at least fourteen (14) days before the Final Fairness Hearing, a declaration confirming that the Settlement Notice and related forms were mailed to all Class Members as required by this Settlement Agreement, as well as any additional information Class Counsel deems appropriate to provide to the Court.

   49. <u>Claims-Made Nature Of The Settlement</u>. The Settlement will be on a claims-made basis, meaning that the Parties agree, covenant, and represent that the Individual Settlement Payments shall be distributed only to Authorized Claimants.  Therefore, individual Settlement Class Members will be entitled to receive an Individual Settlement Payment only if they do all of the following: (i) complete the Claim Form in its entirety; (ii) sign the Claim Form certifying that its contents are true and correct; (iii) return the Claim Form to the Claims Administrator with a postmarked date that is on or before the Bar Date; and (iv) do not opt out of the Settlement. Settlement Class Members who do not submit a timely, complete and valid Claim Form will not be entitled to any portion of the Net Settlement Sum, but otherwise will be bound by the terms of this Settlement.

50.   <u>Claims Procedure</u>.

a.      Upon receipt of any Claim Form within the Claim Submission Period, the Claims Administrator shall review the Claim Form to verify the information contained therein, to identify any deficiencies, and to determine the eligibility of the person submitting the Claim Form to receive an Individual Settlement Payment.  In the event that a Claim Form is defective or incomplete, the Claims Administrator shall follow the process specified above in Paragraph 48.g.

b.      In the event the Claims Administrator is unclear whether a deficiency exists with a Claim Form, the Claims Administrator shall send (via email) to Class Counsel and Defendant's Counsel a copy of the Claim Form to be reviewed.  The Parties agree to work in good faith to determine whether the Claim Form should be deemed valid or deficient.

c.      Class Counsel shall not review or consider any Claim Form postmarked after the end of the Claim Submission Period, nor shall Defendant make any distribution whatsoever with respect to any Claim Form received after the end of the Claim Submission Period.  It shall be conclusively presumed that, if a Claim Form is not postmarked on or before the Bar Date, the Settlement Class Member did not return the Claim Form in a timely manner. The only exception to this rule is if the Claim Form was re-mailed under the conditions set forth in Paragraphs 48.f. and 48.g.

d.      Within seven (7) calendar days after the Bar Date, the Claims Administrator shall provide Class Counsel and Defendant's Counsel with the number of Settlement Class Members that filed claims, opt out notices and/or objections and the total amount of all Individual Settlement Payments to be made to Claimants.  After receiving the Claims Administrator's report, Class Counsel and Defendant's Counsel shall jointly review the

same to determine if the calculation of payments to Claimants is consistent with this Settlement Agreement.

e.    Within ten (10) calendar days after the Bar Date, the Claims Administrator shall provide Class Counsel and Defendant's Counsel the declaration that will be filed when seeking final approval of the Settlement Agreement, which shall include, *inter alia*:  the date the Settlement Notices were mailed; the number of returned Settlement Notices; the number of re-mailed Settlement Notices; the number of Settlement Notices that could not be re-mailed; and the number of valid Claim Forms, opt-out requests and objections.

51.    <u>Opt-Out Procedure and Binding Nature of This Settlement Agreement</u>. Unless a Settlement Class Member timely opts out of the Settlement described in this Settlement Agreement, he/she shall be bound by the terms and conditions of this Settlement Agreement, and shall also be bound by the Court's Final Judgment and Order enjoining all Settlement Class Members from pursuing, or seeking to reopen, any of the Released Claims against the Released Parties, regardless of whether he or she timely submits a timely Claim Form.  A Settlement Class Member will not be entitled to opt out of the Settlement established by this Settlement Agreement unless he or she does all of the following: (i) submits a proper written request to opt out of the Settlement; (ii) provides his/her name and address; (iii) signs the opt-out request; and (iv) returns the opt-out request to the Claims Administrator so that it is received or postmarked on or before the expiration of the Claim Submission Period.  Plaintiffs may not opt-out of the Settlement Agreement.

a.    The Claims Administrator will provide a copy of all opt-out requests received within the Claim Submission Period only to Defendant's Counsel within five (5) calendar days of the Bar Date or receipt thereof, whichever is later.

b.      Upon receipt of any opt-out request within the Claim Submission Period, the Claims Administrator and Defendant's Counsel shall review the request to verify the information contained therein, and to confirm that the request complies with the requirements of this Settlement Agreement.  The Claims Administrator shall review its records to determine whether the Settlement Class Member submitted a Claim Form.  If a Settlement Class Member timely submits both a Claim Form and opt-out request, the Claim Form will be considered valid, and the opt-out request rejected and void and of no effect whatsoever.

c.      Upon receipt of a deficient or incomplete opt-out request, the Claims Administrator will promptly notify the Settlement Class Member of the defect or deficiency and permit the Settlement Class Member to cure the defect within ten (10) calendar days or the Bar Date, whichever is later.  Any opt out request that is cured after the ten (10) calendar day period or the Bar Date will be considered ineffective, as measured by the postmark on the revised request.

d.      Any Settlement Class Member who fails to submit a timely, complete and valid request to opt out of the Settlement shall be barred from opting out of this Settlement Agreement or the Settlement.  The Claims Administrator shall not review or consider any opt-out request postmarked after the Bar Date (unless the ten-day cure period applies).  It shall be conclusively presumed that, if an opt-out request is not postmarked on or before the Bar Date (unless the ten-day cure period applies), the Settlement Class Member did not make the request in a timely manner.  A declaration submitted by any Settlement Class Member attesting to the mailing of an opt-out request on or before the expiration of the Claim Submission Period shall be insufficient to overcome the conclusive presumption that the Claim Form was not postmarked on or before the expiration of the Claim Submission Period.

52.    <u>Objections To Settlement</u>.

a.    Only Settlement Class Members who do not opt out of the Settlement may object to the Settlement.  Settlement Class Members who opt out of the Settlement may not object to the Settlement.  Any such objection must be filed with the Court and served on each of the Parties and the Claims Administrator by the Bar Date.  The objection must explain the basis for the objection, include any supporting documents, and include a statement of whether he/she intends to appear and be heard at the Final Fairness Hearing.  Such objection also must contain the name, address, telephone number and email address (if he/she has one) of the objecting Settlement Class Member, and be personally signed by him or her.  If the objecting Settlement Class Member is represented by counsel, the objection shall so state, and shall contain the counsel's name, address, telephone number, and email address.  Only objecting Settlement Class Members who make objections in the manner described in this Paragraph (52.a) will be considered Objectors and will therefore be permitted to be heard at the Final Fairness Hearing; Settlement Class Members who fail to make objections in the manner specified this Paragraph (52.a) are not considered Objectors, shall be deemed to have waived any objections, shall be foreclosed forever from seeking review or making any objection to the Settlement or the terms of the Agreement, and shall not be permitted to be heard at the Final Fairness Hearing.  If the Court adjourns the Final Fairness Hearing after the Settlement Notices set forth herein are mailed to the Class Members, the Claims Administrator shall notify any Objector of the new fairness hearing date.

b.    The Claims Administrator will stamp the date any objection is received and send (via mail and email) to Class Counsel and Defendant's Counsel copies of each such

objection, envelope, supporting documentation, and the Settlement Notice mailed to the Objector.

      53.    <u>Distribution Of Settlement</u>.

      a.    If approved by the Court, the Service Awards and Class Counsel's Fees and Costs shall be distributed within fifteen (15) calendar days of the Final Effective Date. Defendant shall remit such amounts comprising the Service Awards and Class Counsel's Fees and Costs to the Claims Administrator within ten (10) calendar days of the Final Effective Date.

      b.    Within five (5) calendar days of the Final Effective Date, the Claims Administrator shall promptly provide written notice to Defendant's Counsel and Class Counsel of the number of Authorized Claimants, the total amount to be distributed to the Authorized Claimants, and the amount each Authorized Claimant will receive.

      c.    Within fifteen (15) calendar days of the Final Effective Date or ten (10) calendar days of the Claims Administrator providing the written notice set forth above in Paragraph 53.b, whichever is later, Defendant shall remit to the Claims Administrator an amount equal to what is set forth in the written notice.  This total amount, in combination with the previously remitted Class Counsel's Fees and Costs and the Service Awards shall not exceed the GSS.

      d.    Within thirty (30) calendar days of the Final Effective Date or ten (10) calendar days of Defendant remitting the funds as set forth above in Paragraph 53.c, whichever is later, the Claims Administrator will distribute one check for each Authorized Claimant.

      e.    The checks to Authorized Claimants shall be valid for one hundred and twenty (120) calendar days.  If an Authorized Claimant requests a check to be reissued within the 120-day period, the Claims Administrator will, upon confirming that the Authorized Claimant's

check was not cashed, reissue that Authorized Claimant's check.  Reissued checks will be valid until the later of (1) the end of the 120th calendar day period that the initial check was issued or (2) forty-five (45) calendar days after the date of the reissued check, whichever is later.  To the extent any check is not deposited or cashed within the one hundred and twenty (120) calendar day time period or forty-five (45) calendar day period after the date of the reissued check, whichever is later, that amount for each such check shall be returned to the Defendant.

       f.     Provided Defendant has received both the signed General Release of All Claims (Exhibit C hereto) and an executed IRS W-9 form from Plaintiffs, the Settlement Administrator shall distribute the Service Awards within ten (10) calendar days of the Final Effective Date.

       g.     Provided Defendant has first received an IRS Form W-9 from Class Counsel, and subject to court approval, payment of Class Counsel's Fees and Costs shall be made by wire transfer to an account Class Counsel designates within fifteen (15) calendar days after the last of (i) the Final Effective Date, (ii) the Court's Order awarding Class Counsel's Fees and Costs, and (iii) Class Counsel providing to Defendant and the Claims Administrator the requisite wire transfer instructions.  Upon payment of Class Counsel's Fees and Costs, Defendant shall have no other payment obligations owed to Class Counsel relating to this case for any amount, individually or collectively, directly or indirectly, unless ordered by the Court, including, by way of example and not by limitation, a motion to enforce the terms of this Settlement Agreement.  Defendant reserves the right to oppose any fee request made in connection with any efforts to enforce the terms of this Settlement Agreement, including, but not limited to, any motion to enforce the terms of this Agreement.

h.      Aside from the Settlement Expenses defined in Paragraph 32 above, Defendant shall not be obligated to make any payments contemplated by this Settlement Agreement unless and until the Court enters the Final Order and Final Judgment, and after the Final Effective Date of the Settlement Agreement, and no amounts will be owed or payable until any appeals or other collateral attacks have lapsed or have been favorably resolved in favor of the Settlement and no further challenge to the Settlement is possible.  The Settlement Expenses will be paid in accordance with the terms of the agreement between Defendant and the Claims Administrator.

54.      <u>Preliminary Approval Of Settlement</u>.

a.      Plaintiffs shall file a motion in the Action requesting that the Court enter the Preliminary Approval Order (as described in Paragraph 23).  Plaintiffs shall propose the Preliminary Approval Order in substantially the form attached as Exhibit E.

b.      Class Counsel shall provide Defendant's Counsel with a reasonable opportunity to review, and provide comments on, the motion for preliminary approval of the Settlement before the motion and supporting papers are filed with the Court.

55.      <u>Non-interference With Claims Procedure</u>.  The Parties and their counsel agree that they shall not seek to solicit or otherwise encourage Settlement Class Members to submit requests for exclusion or objections to the Settlement or to appeal from, attack or challenge the Final Order and Final Judgment.

56.      <u>Final Approval of the Settlement</u>.  Plaintiffs will request, and Defendant will concur in the request, that the Court enter, after the Final Fairness Hearing, the Final Approval Order and Final Judgment in substantially the form attached as Exhibit F.  Class Counsel shall draft the Final Approval Order in the form that is consistent with this Settlement Agreement, the

Court's Order(s) and subject to Defendant's Counsel's prior review and approval.  Plaintiffs shall timely file in advance of the Final Fairness Hearing a motion in the Action requesting that the Court enter the Final Approval Order (as described in Paragraph 11).

57.    <u>Defendant's Right to Terminate Settlement Agreement</u>.  If a total of sixty-seven (67) or more of the Settlement Class Members timely opt out of the Settlement, Defendant may elect to void this Settlement Agreement within fifteen (15) calendar days after notification by the Claims Administrator of the number and identity of the total number of opt outs.  Defendant shall provide written notice of such withdrawal to Class Counsel.  In the event that Defendant elects to so withdraw, the withdrawal shall have the same effect as a termination of this Settlement Agreement for failure to satisfy a condition of Settlement, and the Settlement Agreement shall become null and void *ab initio* and have no further force or effect.

58.    <u>Representation of Opt-Outs</u>.  Class Counsel agrees that this Settlement Agreement is fair, reasonable and in the best interest of the Settlement Class Members.  Class Counsel further agrees that Class Members who seek to opt out of this Settlement should be represented by counsel who is of the belief that the Settlement Agreement is not fair, reasonable and in the best interest of the Settlement Class Members.  Class Counsel shall accordingly not solicit opt-outs and, if contacted, shall refer any such opt-outs to the applicable state bar association or other referral organization for appropriate counsel in any subsequent litigation against the Released Parties.

59.    <u>Public Statements</u>.   The Parties and their counsel agree not to make any statements, directly or indirectly, to any media source or social media concerning the Settlement prior to the Court granting final approval of the Settlement Agreement.

60. <u>Waiver of Appeal</u>.  Subject to preliminary and final approval of this Settlement, on the specific terms as agreed to by the Parties, and only as to those specific terms and no others, each Party expressly waives its right to appeal.

61. <u>CAFA Notices</u>.

a. No later than ten (10) calendar days after filing of the motion for preliminary approval of this settlement (referenced in Paragraph 54 above), the Claims Administrator shall mail the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715(a), to the federal and any applicable state Attorneys General and Departments of Labor.

b. The Claims Administrator shall file with the Court a certification of the date upon which the CAFA notices were served.

62. <u>Option to Void Settlement Agreement If Settlement Not Finalized</u>.  If for any reason the Settlement set forth in this Settlement Agreement is not approved by the Court, in whole or in part, or if preliminary or final approval is not given in whole or in part, or a Final Judgment is not entered, Plaintiffs or Defendant, or the Parties collectively, have the right to elect to nullify and void the Settlement.  In particular, Defendant may nullify and void the Settlement Agreement if any order of the Court requires Defendant to pay more than the Gross Settlement Sum.  Should an election to nullify and void this Settlement be made, the orders, judgment, and dismissal to be entered under this Settlement Agreement shall be vacated; and the Parties will be returned to the status quo prior to entering into this Settlement Agreement with respect to the Action, as if the Parties had never entered into this Settlement Agreement.  In addition, in such event, the Settlement Agreement and all negotiations, court orders and proceedings relating thereto shall be without prejudice to the rights of any and all Parties hereto, and evidence relating to the Settlement Agreement and all negotiations shall not be admissible or

discoverable in the Action or otherwise.

63. <u>Invalidation Of Settlement Agreement For Failure To Satisfy Conditions</u>. The terms and provisions of Paragraphs 1 through 76 of this Settlement Agreement are not recitals, but are deemed to constitute contractual terms. In the event that any of the terms or conditions set forth in Paragraphs 1 through 76 of this Settlement Agreement are not fully and completely approved by the Court and satisfied this Settlement Agreement shall terminate at the option of either Party, or both, and all terms of the Settlement Agreement, including any payments by Defendant, shall be null and void. Without limiting the generality of the foregoing, if this Settlement Agreement is terminated for failure to satisfy any of the terms or conditions of Paragraphs 1 through 76 of this Settlement Agreement:

a. Defendant shall not be obligated to create or maintain any type of settlement fund, and shall not be obligated to make any Individual Settlement Payment to any Settlement Class Member, to any Authorized Claimant, to Class Counsel, or to Plaintiffs.

b. This Settlement Agreement and all negotiations, court orders and proceedings relating thereto shall be without prejudice to the rights of the Plaintiffs, Settlement Class Members and Defendant, each of whom shall be restored to their respective positions existing prior to the execution of this Settlement Agreement, and evidence relating to the Settlement Agreement and all negotiations shall not be discoverable or admissible in the Action or any other litigation for any reason of any kind whatsoever.

c. Defendant will not have waived, and instead expressly reserves, its right to challenge the continuing propriety of class certification for any purpose, and to raise any other defense in the Action, without exception of any kind whatsoever.

d.      This Settlement Agreement, the Preliminary Approval Order, nor any other document in any way relating to any of the foregoing, shall be relied upon, referred to or used in any way for any purpose in connection with any further proceedings in this Action or in any related action, including class certification proceedings.  The Parties agree and understand, however, that none of these limitations apply to (a) any discovery conducted by either Party, and (b) any subsequent information obtained by either Party in the normal course of discovery in this Action.

64.     <u>Notices</u>.  All notices, requests, demands and other communications required or permitted to be given under this Settlement Agreement shall be in writing, and shall be delivered by First Class Mail, unless otherwise specified, to the attorneys listed in the caption above and to the Claims Administrator.

65.     <u>Modification In Writing</u>.  This Settlement Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by all signatories to this Settlement Agreement.  This Settlement Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

66.     <u>Ongoing Cooperation</u>.  Plaintiffs and Defendant and each of their respective counsel shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement Agreement.  The executing of documents must take place prior to the Final Settlement Hearing.

67.     <u>Binding on Successors</u>. This Settlement Agreement shall be binding and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs and legal representatives.

68.   <u>Entire Agreement</u>.  This Settlement Agreement constitutes the full, complete and entire understanding, agreement and arrangement between Plaintiffs and the Settlement Class Members on the one hand and Defendant on the other hand with respect to the settlement of the Action and the Released Claims against the Released Parties.  This Settlement Agreement supersedes any and all prior oral or written understandings, agreements and arrangements between the Parties with respect to the settlement of the Action and the Released Claims against the Released Parties.  Except those set forth expressly in this Settlement Agreement, there are no other agreements, covenants, promises, representations or arrangements between the Parties with respect to the settlement of the Action and the Released Claims against the Released Parties.

69.   <u>Execution In Counterparts</u>.  This Settlement Agreement may be signed in one or more counterparts.  All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or electronic copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

70.   <u>Captions</u>.  The captions and paragraph numbers in this Settlement Agreement are inserted for the reader's convenience, and in no way define, limit, construe, or describe the scope or intent of the provisions of this Settlement Agreement.

71.   <u>Governing Law</u>.  This Settlement Agreement shall be interpreted, construed, enforced, and administered in accordance with the laws of the State of Pennsylvania, without regard to conflict of law rules.

72.   <u>Reservation Of Jurisdiction</u>.  Notwithstanding the dismissal of this Action and entry and filing of Final Judgment, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Settlement Agreement. Should any court in which this Action is pending lose jurisdiction over the Action before this Settlement if fully and finally effectuated,

the Parties agree that it is their intent for the terms of this Agreement to be enforced, and agree that Plaintiffs will re-file this Action, for settlement purposes only, in a mutually acceptable court of competent jurisdiction, if it has not already been remanded to such a court.

73.    <u>Mutual Preparation</u>.  The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement Agreement.  Accordingly, this Settlement Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations between the Parties, all Parties have contributed to the preparation of this Settlement Agreement.

74.    <u>Warranties And Representations</u>.  With respect to themselves, each of the Parties to this Settlement Agreement and/or their agents or counsel represent, covenant and warrant that (a) they have full power and authority to enter into and consummate all transactions contemplated by this Settlement Agreement and have duly authorized the execution, delivery and performance of this Settlement Agreement, and (b) the person executing this Settlement Agreement has the full right, power and authority to enter into this Agreement on behalf of the Party for whom he/she has executed this Agreement, and the full right, power and authority to execute any and all necessary instruments in connection herewith, and to fully bind such Party to the terms and obligations of this Agreement.

75.    <u>Representation By Counsel</u>.  The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement, and that this Agreement has been executed with the consent and advice of counsel. Further, Plaintiffs and Class Counsel warrant and represent that there are no liens on the

Agreement, and that after entry by the Court of the Final Judgment, Defendant may distribute funds to Authorized Claimants, Class Counsel, and Plaintiffs as provided by this Agreement.

76.   <u>Authorization By Plaintiffs</u>.   Plaintiffs authorize Class Counsel to sign this Agreement and further agree not to request to be excluded from the Settlement Class and not to object to any terms of this Agreement.   Any such request for exclusion or objection shall therefore be void and of no force or effect.

[SIGNATURES ON NEXT PAGE]

Dated:  9/1/2017 _____



Thomas Martinez
Plaintiff/Class Representative


Dated: _____

_____

Michael Cabrera
Plaintiff/Class Representative


Dated: _____

_____

DEFENDANT PPG INDUSTRIES, INC.


APPROVED AS TO FORM:

Dated: _____

GOLDSTEIN, BORGEN, DARDARIAN &
HO


_____

Laura L. Ho
*Attorney for Plaintiffs*


Dated: _____

LITTLER MENDELSON, P.C.


_____

Rod M. Fliegel
*Attorney for Defendant*

Dated:  August ___, 2017

Dated:  August 3*0*, 2017

                                Thomas Martinez
                                Plaintiff/Class Representative

                                Michael Cabrera
                                Plaintiff/Class Representative

Dated:  August ___, 2017

                                DEFENDANT PPG INDUSTRIES, INC.

**APPROVED AS TO FORM:**

Dated:  August ___, 2017

                                GOLDSTEIN, BORGEN, DARDARIAN &
                                HO

                                Laura L. Ho
                                *Attorney for Plaintiffs*

Dated:  August ___, 2017

                                LITTLER MENDELSON, P.C.

                                Rod M. Fliegel
                                *Attorney for Defendant*

Dated:  August __, 2017

_____

Thomas Martinez
*Plaintiff/Class Representative*

Dated:  August __, 2017

_____

Michael Cabrera
*Plaintiff/Class Representative*

Dated:  August __, 2017

_____

DEFENDANT PPG INDUSTRIES, INC.

APPROVED AS TO FORM:

Dated:  August **3/**, 2017

GOLDSTEIN, BORGEN, DARDARIAN &
HO

_____

Laura L. Ho
*Attorney for Plaintiffs*

Dated:  August __, 2017

LITTLER MENDELSON, P.C.

_____

Rod M. Fliegel
*Attorney for Defendant*

Dated: August ___, 2017

_____
Thomas Martinez
Plaintiff/Class Representative

Dated: August ___, 2017

_____
Michael Cabrera
Plaintiff/Class Representative

Dated: ~~August~~ September 11, 2017

_____
DEFENDANT PPG INDUSTRIES, INC.

APPROVED AS TO FORM:

Dated: August ___, 2017          GOLDSTEIN, BORGEN, DARDARIAN &
                                 HO

_____
Laura L. Ho
*Attorney for Plaintiffs*

Dated: ~~August~~ September 11, 2017          LITTLER MENDELSON, P.C.

_____
Rod M. Fliegel
*Attorney for Defendant*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS MARTINEZ AND MICHAEL CABRERA, INDIVIDUALLY AND AS REPRESENTATIVES OF THE CLASS | § § § § § | |
| PLAINTIFFS, | § § | CIVIL ACTION NO. 2:16-CV-1230-DSC |
| V. | § § | |
| PPG INDUSTRIES, INC., | § § | |
| DEFENDANT. | § | |

<u>NOTICE OF CLASS ACTION SETTLEMENT & FINAL FAIRNESS HEARING</u>

## If PPG Industries, Inc. obtained a consumer report (background check) about you between April 1, 2014 and June 26, 2016, you could receive a cash payment from a class action settlement.

YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT.
READ THIS NOTICE CAREFULLY.

**1.      WHAT IS THIS LAWSUIT ABOUT?**

This lawsuit was filed on April 1, 2016 and is currently pending in the United States District Court Western District of Pennsylvania and assigned civil action number 2:16-cv-1230 (the "Lawsuit"). The Lawsuit was filed by Thomas Martinez and Michael Cabrera ("Plaintiffs") against PPG Industries, Inc. ("Defendant"). Plaintiffs allege that Defendant willfully violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2), by failing to make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consists solely of the disclosure.

Defendant contends it complied with the FCRA at all times. The Court has not determined whether Defendant violated the FCRA.

The Settlement Class for this Lawsuit is defined to include:

All employees and/or prospective employees of Defendant within the United States who were subject to a background check by Defendant anytime between and including April 1, 2014 and June 26, 2016.

You are receiving this notice because you fit in the Settlement Class definition.

2.      **WHAT CAN I GET OUT OF THE SETTLEMENT?**

A settlement fund of $590,000 will be used to make cash payments to the Settlement Class. This fund will also be used to pay for the cost associated with administering this settlement, and Court-awarded attorneys' fees and costs, and a service award to Plaintiffs, as discussed below.

You will receive a check based on a pro rata distribution of the net settlement funds if you timely submit a claim and do not opt out of the settlement.  If you were the subject of a background check report for employment purposes by Defendant between April 1, 2014 and September 30, 2014, your pro rata distribution of the net settlement funds is estimated to be at least $55, up to a maximum of $265.00.  If you were the subject of a background check report used by Defendant between October, 1, 2014 and June 26, 2016, your pro rata distribution of the net settlement funds is estimated to be at least $45, up to a maximum of $217.30.

3.      **WHO ARE THE ATTORNEYS REPRESENTING THE CLASS AND HOW WILL THEY GET PAID?**

The Court has appointed lawyers to represent the class ("Class Counsel"), but you may enter an appearance in this case through an attorney of your own choosing if you want.  If you do so, you will have to pay for your own lawyer.

The attorneys who the Court has appointed as Class Counsel are:

| | | |
|---|---|---|
| Laura L. Ho, Esq. | Brock J. Specht | Bruce C. Fox |
| GOLDSTEIN, BORGEN, | NICHOLS KASTER, PLLP | Jeffrey B. Cadle |
| DARDARIAN & HO | 4600 IDS Center | OBERMAYER REBMANN |
| 300 Lakeside Drive | 80 South Eighth Street | MAXWELL & HIPPEL LLP |
| Suite 1000 | Minneapolis, MN 55402 | 500 Grant Street, Ste. 5240 |
| Oakland, California 94612 | Telephone (612) 256-3200 | Pittsburgh, PA 15219 |
| Telephone: (510) 763-9800 | | Telephone (412) 566-1500 |

Subject to Court approval, Class Counsel will seek attorneys' fees and costs in an amount not to exceed $181,000.00.  The attorneys' fees and costs will be paid from the settlement fund.

4.      **WHAT ARE THE OTHER MONETARY TERMS OF THE SETTLEMENT?**

Subject to Court approval, Plaintiff Martinez will be awarded a service award in the amount of $10,000.00 and Plaintiff Cabrera will be awarded a service award in the amount of $5,000.00. These payments are in recognition of the many hours of service Plaintiffs contributed on behalf of the Settlement Class, and in recognition of the inherent risks of being a named plaintiff.  These awards will be paid from the settlement fund.  The cost of administering this settlement will also be paid from the settlement fund.

5.      **WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**

You give up your right to sue or file a lawsuit against Defendant and the other Released Parties (defined below) regarding the legal issues that were raised or could have been raised in this Lawsuit.  Giving up your legal claims is called a "release."  The Released Parties collectively include

PPG Industries, Inc. and all affiliated entities, and their past, present, and future parent companies, holding companies, limited liability companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, members, managers, trustees, subcontractors, customers, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendant or affiliated entities, or divisions, units, branches, and any other persons or entities acting by through, under or in concert with them, including any party that was or could have been named as a defendant in the Action, but excluding only consumer reporting agencies.  You will be releasing these Released Parties from any and all individual and/or class action, collective action or mass action asserting any claims based on the facts alleged in the Complaint in this Action or like claims under or related in any way to the  federal Fair Credit Reporting Act or any state and local law equivalent and any and all derivative claims arising during the period between April 1, 2014 and June 26, 2016.

## 6.     HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

**In order to collect your share of the settlement, you must completely fill out and submit a claim form**.  Attached to this Notice is a claim form that you must fill out and mail, postmarked on or before [BAR DATE], 2017 to:

> *Martinez, et al. v. PPG Industries, Inc.*
> c/o  Angeion Group
> 1801 Market Street, # 660
> Philadelphia, PA 19103
> Telephone:  (215) 563-4116

## 7.     HOW DO I OPT-OUT OF THE SETTLEMENT CLASS?

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement.  To opt-out of the Settlement Agreement you must do so by [**DATE**].  If you do not opt-out, you will be bound by the terms of the Settlement Agreement.  To opt-out, you must mail a letter that specifically states, "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN ***MARTINEZ, ET AL. v. PPG INDUSTRIES, INC***," postmarked no later than [**DATE**].  You must include your name and address in the letter and sign it.  If you choose to opt-out, send your letter to:

> *Martinez, et al. v. PPG Industries, Inc.*
> c/o Angeion Group
> 1801 Market Street, # 660
> Philadelphia, PA 19103
> Telephone:  (215) 563-4116

## 8.     WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you wish to present objections to the proposed settlement at the Final Fairness Hearing as described in Paragraph 9 below, you must first do so in writing.  Written objections must be mailed to the Claims Administrator at the address listed above in Paragraph 7.  The Claims Administrator

will then file a copy of your objection with the Court and provide copies to Class Counsel and Defense Counsel.  Your objections must be postmarked by [**BAR DATE**].

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of ***MARTINEZ, ET AL. v. PPG INDUSTRIES, INC***, Case No. 2:16-cv-1230.  If you object to the settlement and intend to appear at the Final Fairness Hearing, you must include with your written objection an explanation of the basis for the objection, any supporting documents, and a statement that you intend to appear and be heard at the Final Fairness Hearing.  Your objection must contain your name, address, telephone number, and email address (if you have one), and be personally signed by you.  If counsel represents you, the objection shall so state, and shall contain your counsel's name, address, telephone number, and email address.  If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will <u>not</u> be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement.  The Parties may file with the Court written responses to any filed objections.  You cannot object to the Settlement and opt-out of the Settlement Class.  If you opt-out, you have no basis to object because the case no longer affects you.  You must submit a valid, timely claim form to object.

## 9.        WHEN IS THE FINAL FAIRNESS HEARING?

A hearing before the Honorable David Stewart Cercone, U.S.D.J., will be held on [**DATE**] 2017 at [time] a.m. in Courtroom 7A at the United States District Court Western District of Pennsylvania, 700 Grant Street, Pittsburgh, Pennsylvania 15219 (the "Final Fairness Hearing").  The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court.  The Court will take into account any comments or objections filed by you in accordance with the procedures described above.

## 10.      HOW CAN I EXAMINE COURT RECORDS?

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings.  For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court.  You may obtain the papers filed in this case during regular business hours at the office of the Clerk of the Court, United States District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA 15219, *Martinez v. PPG Industries, Inc*., Case No. 2:16-cv-1230 Additionally, if you have questions about this Notice or want additional information, you should contact the Claims Administrator.

YOU ARE NOT TO CALL THE COURT WITH ANY QUESTIONS

# Exhibit B-1

## <u>INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM</u>
## <u>SINGLE DISCLOSURE SUBCLASS</u>

*Martinez, et al. v. PPG Industries, Inc.*, 2:16-cv-1230 (DSC)
c/o Angeion Group
1801 Market Street, #660
Philadelphia, PA 19103
Telephone:  (215) 563-4116

**CORRECTIONS OR ADDITIONAL INFORMATION**

Write any name and address corrections below if any is necessary OR if there is no preprinted data to the left, please legibly provide your name and address here:

BARCODE
CLASS MEMBER NAME
ADDR1
ADDR2
CITY STATE ZIP

_____

_____

_____

_____

**Telephone Number:**

## TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE, SIGN AND RETURN THIS CLAIM FORM <u>AND</u> HAVE IT POSTMARKED NO LATER THAN [<mark>BAR DATE</mark>]

The records of PPG Industries, Inc. ("Defendant") indicate that you were the subject of a background check report for employment purposes by Defendant between April 1, 2014 and September 30, 2014.  Provided that you timely submit this Claim Form, and the settlement becomes final, you will receive a pro rata distribution of the net settlement funds, which is estimated to be at least $55.00, as further described in the Notice of Class Action Settlement and Final Fairness Hearing that accompanies this Claim Form.  The amount you receive will not exceed $265.00.  But because the amount you will receive is a pro rata distribution of the net settlement funds, it is possible you will receive less than $55.00.

By signing this form, you will be releasing the Released Parties from the claims released in the Settlement as explained in the Notice of Proposed Class Action Settlement.

By signing this form, you declare under penalty of perjury under the laws of the State of Pennsylvania that all information contained on this Claim Form is true and correct, and you have read the Notice Of Proposed Class Settlement, will be bound to the Release and other terms of the Settlement therein, is entitled to the Settlement payment and that no other person and or entity has a claim to any settlement monies that you will receive.

Date: _____

_____

Signature

_____

(Print your name here)

# Exhibit B-2

## <u>INDIVIDUAL SETTLEMENT CLASS MEMBER CLAIM FORM</u>
## <u>MULTIPLE DISCLOSURE SUBCLASS</u>

*Martinez, et al. v. PPG Industries, Inc.*, 2:16-cv-1230 (DSC)
c/o Angeion Group
1801 Market Street, #660
Philadelphia, PA 19103
Telephone:  (215) 563-4116

**CORRECTIONS OR ADDITIONAL INFORMATION**
Write any name and address corrections below if any is necessary OR if there is no preprinted data to the left, please legibly provide your name and address here:

BARCODE
CLASS MEMBER NAME
ADDR1
ADDR2
CITY STATE ZIP

_____

_____

_____

**Telephone Number:**

## TO SHARE IN THE SETTLEMENT, YOU <u>MUST </u>COMPLETE, SIGN AND RETURN THIS CLAIM FORM <u>AND </u>HAVE IT POSTMARKED NO LATER THAN [BAR DATE]

The records of PPG Industries, Inc. ("Defendant") indicate that you were the subject of a background check for employment purposes by Defendant between October 1, 2014 and June 26, 2016.  Provided that you timely submit this Claim Form, and the settlement becomes final, you will receive a *pro rata* distribution of the net settlement funds, which is estimated to be at least $45.00, as further described in the Notice of Class Action Settlement and Final Fairness Hearing that accompanies this Claim Form.  The amount you receive will not exceed $217.30. But because the amount you will receive is a pro rata distribution of the net settlement funds, it is possible you will receive less than $45.00.

By signing this form, you will be releasing the Released Parties from the claims released in the Settlement as explained in the Notice of Proposed Class Action Settlement.

By signing this form, you declare under penalty of perjury under the laws of the State of Pennsylvania that all information contained on this Claim Form is true and correct, and you have read the Notice Of Proposed Class Settlement, will be bound to the Release and other terms of the Settlement therein, is entitled to the Settlement payment and that no other person and or entity has a claim to any settlement monies that you will receive.

Date: _____          _____
                                                                              Signature

                                                                              _____
                                                                              (Print your name here)

# Exhibit C

# GENERAL RELEASE OF ALL CLAIMS

This General Release of All Claims ("General Release") is entered into voluntarily by and between Plaintiffs Thomas Martinez and Michael Cabrera (the "Named Plaintiffs") and Defendant PPG Industries, Inc. ("Defendant" or "PPG," and together with the Named Plaintiffs, the "Parties").[1]

WHEREAS, the Named Plaintiffs and PPG entered into a "Settlement Agreement" to fully and finally settle, compromise and release all claims raised, or that could have been raised, by the Named Plaintiffs and the Settlement Class in the Action, which is defined in the Settlement Agreement as No. 2:16-cv-01230, *Thomas Martinez and Michael Cabrera individually and as representatives of the Class v. PPG Industries, Inc.*

WHEREAS, on the Final Effective Date of the Settlement Agreement, and in exchange for the Settlement Class benefits and for other good and valuable consideration, the receipt and sufficiency of which was acknowledged by the Named Plaintiffs and Class Counsel, all Settlement Class Members agreed to release claims against PPG.  (*See* Settlement Agreement ¶ 42);

WHEREAS, the Named Plaintiffs agreed to execute "a separate (non-confidential) General Release of All Claims with Defendant."   (*See* Settlement Agreement ¶ 43);

NOW, THEREFORE, pursuant to paragraph 43 of the Settlement Agreement, and for the good and valuable consideration as acknowledged by the Named Plaintiffs in the Settlement Agreement, including but not limited to prospective Service Awards to the Named Plaintiffs (*see* Settlement Agreement ¶ 44.b), the Parties hereby agree to the Named Plaintiffs' separate and general release of claims as follows:

**<u>No Admission of Liability</u>**:  This General Release is a compromise and general release of all claims, known or unknown and does not constitute an admission of liability by PPG or an admission, directly or by implication, that any of them have violated any law, rule or regulation, or any contractual right, or any other duty or obligation of any kind, including any duty or obligation owed to or allegedly owed to the Named Plaintiffs

---

[1] For purposes of this General Release, "PPG" or "Defendant" means Defendant PPG Industries, Inc. and all its affiliated entities, and their past, present, and future parent companies, holding companies, limited liability companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, members, managers, trustees, subcontractors, customers, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendant or affiliated entities, or divisions, units, branches, and any other persons or entities acting by through, under or in concert with them, including any party that was or could have been named as a defendant in the Action, but excluding only consumer reporting agencies. However, for purposes of the "No Future Relationship" paragraph of this General Release, "PPG" means only Defendant PPG Industries, Inc., including any of its divisions or subsidiary entities.

or any other party.  This Agreement is not admissible to prove liability for or the validity of any claims that relate, refer, or pertain to the subject matter of this Agreement.

**Named Plaintiffs' General Release**:  On the Effective Date of the Settlement Agreement, the Named Plaintiffs and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf, fully and forever release, waive, acquit, and forever discharge PPG from any rights, claims, demands, actions, causes, grievances, damages or liabilities of any kind or any nature whatsoever, whether actual or potential, known or unknown, suspected or unsuspected, that the Named Plaintiffs have or may have against PPG for all acts or omissions on or before the date that each Named Plaintiff signs this Release ("Released Claims").  To the maximum extent allowed by applicable law, the Released Claims include but are not limited to those claims that arise out of or are related in any way to each Named Plaintiff's applications for employment with PPG and employment with PPG, including termination therefrom.  The Released Claims include any alleged violation of any federal or state laws, regulations and/or rules, including but not limited to the federal Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act, the California Investigative Consumer Reporting Agencies Act, the Fair Labor Standards Act, the California Labor Code, and like federal, state and local laws, as well as common law and statutory duties including for unfair competition, unfair business practices, negligence, defamation, false light, negligent or intentional infliction of emotional distress and invasion of privacy.  The Released Claims do not include any claim that cannot be released by private agreement based on applicable law.  The Named Plaintiffs acknowledge that they might hereafter discover facts different from or in addition to those they now know or believe to be true with respect to the Released Claims, and they expressly agree to assume the risk of possible discovery of additional or different facts, and further agree that this Release shall be and remain effective in all respects regardless of such additional or different facts.

The Named Plaintiffs agree that, to the extent any Released Claims against PPG might be encompassed within or by any pending or future class action, representative action or collective action, the Named Plaintiffs will affirmatively "opt out" of or otherwise not elect to participate in that action and will not directly or indirectly seek or accept any recovery therein for those Released Claims.

The Released Claims explicitly include claims for actual damages, statutory damages, minimum wage, straight time, overtime, premium pay, civil and statutory penalties, liquidated damages, and punitive damages, as well as for attorneys' fees and costs.  The Parties agree that the payments made under the Settlement Agreement are meant to compensate the Named Plaintiffs for all harms incurred as a result of the allegations set forth in or that could have been set forth in the Action, as well as any other harms or alleged harms encompassed by the Released Claims.  It is expressly intended and understood by the Parties that the Settlement Agreement and this Release is to be construed as a complete settlement, accord, and satisfaction of the Named Plaintiffs' Released Claims.

**California Civil Code Section 1542**.  IN REGARD TO THE RELEASED CLAIMS, AND AS OF THE EFFECTIVE DATE, THE NAMED PLAINTIFFS SHALL FURTHER AUTOMATICALLY BE DEEMED TO HAVE WAIVED AND RELEASED ANY AND ALL PROVISIONS, RIGHTS, AND BENEFITS CONFERRED BY § 1542 OF THE CALIFORNIA CIVIL CODE OR SIMILAR LAWS OF ANY OTHER STATE OR JURISDICTION. SECTION 1542 OF THE CALIFORNIA CIVIL CODE READS: "CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

**Bar to Future Suits**.  Upon entry of the Final Judgment, the Named Plaintiffs shall be enjoined from prosecuting any Released Claims in any proceeding against PPG or based on any actions taken by PPG that are authorized or required by the Settlement Agreement or the Final Judgment.  It is further agreed that the Final Judgment in the Action may be pleaded as a complete defense to any proceeding subject to this section.

**No Future Relationship**.  The Named Plaintiffs expressly represent and warrant that they currently do not desire any re-employment with PPG, and, with the exception of the employment applications referenced in the Complaint in the Action, have not made any other applications or requests (either in writing, electronically or orally) for any employment with PPG.  In exchange for the promises contained herein, the Named Plaintiffs acknowledge and agree that at no time in the future will the Named Plaintiffs seek to enter into, or enter into, any employment relationship or independent contractor relationship with PPG.  The Named Plaintiffs further agree that PPG's failure to contract with or hire them shall not constitute a violation of any local, state, or federal law, order, or regulation; and that PPG is entitled to terminate the Named Plaintiffs' employment or service contracts without legal consequence in the event the Named Plaintiffs enter into such a relationship in the future.

**Conditions.**  This release is conditioned upon final approval of the Settlement Agreement and the payment by PPG of all sums provided in the Settlement Agreement to the extent approved by the Court.  Should these conditions fail, this release shall be null and void.

This Release may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same agreement and release.  This Release may be executed by signature delivered by facsimile, PDF, text, or .jpg and need not be the original "ink" signature.  This Release shall become binding upon its execution by Defendant, counsel, and each of the Named Plaintiffs upon their several signatures, regardless of whether all Named Plaintiffs execute this Release.

IN WITNESS WHEREOF, the undersigned have executed this General Release of All Claims on the dates set forth hereinafter.

_____                    Date:

Thomas Martinez

*Michael Cabrera*                                    Date: 8-30-2017

Michael Cabrera


PPG Industries, Inc.                                 Date:

By: _____

Title: _____


Approved as to form:

COUNSEL FOR PLAINTIFFS

                                        GOLDSTEIN, BORGEN, DARDARIAN & HO

Dated: _____, 2017          By _____
                                        Laura L. Ho, Esq.
                                        GOLDSTEIN, BORGEN, DARDARIAN & HO
                                        300 Lakeside Drive, Suite 1000
                                        Oakland, California 94612
                                        Telephone: (510) 763-9800
                                        Attorneys for Thomas Martinez and Michael
                                        Cabrera

                                        NICHOLS KASTER, PLLP

                                        By _____
                                        Anna P. Prakash
                                        Brock J. Specht
                                        NICHOLS KASTER, PLLP
                                        4600 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, MN 55402
                                        Telephone (612) 256-3200
                                        Attorneys for Thomas Martinez and Michael
                                        Cabrera

                                        OBERMAYER REBMANN MAXWELL &
                                        HIPPEL LLP

Thomas Martinez

Date: 9/1/2017

_____

Michael Cabrera

Date:

PPG Industries, Inc.

Date:

By:   _____

Title:   _____

Approved as to form:

COUNSEL FOR PLAINTIFFS

GOLDSTEIN, BORGEN, DARDARIAN & HO

Dated: _____, 2017

By _____
Laura L. Ho, Esq.
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, California 94612
Telephone: (510) 763-9800
Attorneys for Thomas Martinez and Michael
Cabrera

NICHOLS KASTER, PLLP

By _____
Anna P. Prakash
Brock J. Specht
NICHOLS KASTER, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone (612) 256-3200
Attorneys for Thomas Martinez and Michael
Cabrera

OBERMAYER    REBMANN    MAXWELL    &
HIPPEL LLP

_____                    Date:

Thomas Martinez


_____                    Date:

Michael Cabrera


PPG Industries, Inc.                                  Date:

By:    _____

Title: _____


Approved as to form:

COUNSEL FOR PLAINTIFFS


GOLDSTEIN, BORGEN, DARDARIAN & HO

Dated: _Aug 31_____, 2017        By _____
                                 Laura L. Ho, Esq.
                                 GOLDSTEIN, BORGEN, DARDARIAN & HO
                                 300 Lakeside Drive, Suite 1000
                                 Oakland, California 94612
                                 Telephone: (510) 763-9800
                                 Attorneys for Thomas Martinez and Michael
                                 Cabrera


                                 NICHOLS KASTER, PLLP

                                 By _____
                                 Anna P. Prakash
                                 Brock J. Specht
                                 NICHOLS KASTER, PLLP
                                 4600 IDS Center
                                 80 South Eighth Street
                                 Minneapolis, MN 55402
                                 Telephone (612) 256-3200
                                 Attorneys for Thomas Martinez and Michael
                                 Cabrera


                                 OBERMAYER REBMANN MAXWELL &
                                 HIPPEL LLP

By _____

Bruce C. Fox
Jeffrey B. Cadle
OBERMAYER   REBMANN   MAXWELL   &
HIPPEL LLP
500 Grant Street, Ste. 5240
Pittsburgh, PA 15219
Telephone (412) 566-1500
Attorneys for Thomas Martinez and Michael
Cabrera

COUNSEL FOR DEFENDANT

LITTLER MENDELSON P.C.

Dated: __Sept 1___, 2017

By _____

Rod M. Fliegel
333 Bush Street
34th Floor
San Francisco, CA 94104
Telephone 415-439-6253
Facsimile 415-743-6557
RFliegel@littler.com

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Thomas Martinez and Michael Cabrera, individually and as representatives of the Class, | ) ) ) ) | Civil Action No. 2:16-cv-1230-DSC |
| Plaintiff, | ) ) | Hon. David S. Cercone |
| v. | ) ) | |
| PPG Industries, Inc., | ) ) | |
| Defendant. | ) ) | |

**<u>JOINT STIPULATION REGARDING CONSENT ORDER</u>**

Plaintiffs Thomas Martinez and Michael Cabrera ("Plaintiffs"), and Defendant PPG Industries, Inc. ("Defendant") (together with Plaintiffs, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

1.      WHEREAS, before filing this lawsuit, Plaintiffs investigated Defendant's compliance with the Fair Credit Reporting Act ("FCRA"), including with respect to Defendant's disclosures to prospective employees regarding the fact that Defendant conducted background checks on prospective employees (the "Background Check Disclosures and Procedures").

2.      WHEREAS, during the pendency of the lawsuit, Plaintiffs have continued to investigate Defendant's compliance with the FCRA, including but not limited to reviewing and analyzing information provided by Defendant to Plaintiffs prior to and during mediation and through discovery in this Action.

3.      WHEREAS, the Parties have reached a settlement that will resolve this Action including Plaintiffs' individual and class claims, pending final settlement approval by this Court;

4.      WHEREAS, as part of that Settlement Agreement, Plaintiffs have agreed to entry of this Proposed Consent Order, and to promptly file a Motion for Preliminary Approval, attaching a copy of the Settlement Agreement, together with this Proposed Consent Order; and

5.      WHEREAS, no final judgment has been entered in these lawsuits.

NOW THEREFORE, the Parties hereby stipulate, subject to the approval of this Court, that:

Defendant's Background Check Disclosures and Procedures have complied with the disclosure and authorization requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2), since June 26, 2016, when Defendant began using the document in the form of **Exhibit A** hereto.

### IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| */s/ Brock J. Specht* | */s/ Laura L. Ho* |
| Brock J. Specht, Esq.  *(admitted pro hac vice)* | Laura L. Ho, Esq.  *(admitted pro hac vice)* |
|   bspecht@nka.com |   lho@gbdhlegal.com |
| **Nichols Kaster, PLLP** | **Goldstein, Borgen, Dardarian & Ho** |
| 4600 IDS Center / 80 South Eighth Street | 300 Lakeside Drive, Suite 1000 |
| Minneapolis, MN  55402 | Oakland, CA  94612-3534 |
| 612.256.3200 | 510.763.9800 |
| 612.338.4878 (fax) | 510.835.1417 (fax) |
| | |
| Attorneys for Plaintiffs Thomas Martinez and Michael Cabrera | Attorneys for Plaintiffs Thomas Martinez and Michael Cabrera |
| Dated: | Dated: |

*/s/ Rod M. Fliegel*
Rod M. Fliegel *(admitted pro hac vice)*
  rfliegel@littler.com
**Littler Mendelson, P.C.**
333 Bush Street, 34th Floor
San Francisco, CA  94104
415.433.1940
415.399.8490 (fax)

Attorneys for Defendant PPG Industries, Inc.
Dated:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Thomas Martinez and Michael Cabrera,    )
individually and as representatives of the    )
Class,    )
   )
         Plaintiff,    )
   )
     v.    )
   )
PPG Industries, Inc.,    )
   )
         Defendant.    )
   )

Civil Action No. 2:16-cv-1230-DSC

Hon. David S. Cercone

**CONSENT ORDER**

Based upon the Stipulation of Counsel, and good cause appearing, this Court hereby orders and decrees that Defendant's Background Check Disclosures and Procedures have complied with the disclosure and authorization requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(2), since June 26, 2016, when Defendant began using the document in the form of **Exhibit A** hereto.

**DATED:** _____

_____
Hon. David Stewart Cercone
United States District Judge

3

# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Thomas Martinez and Michael Cabrera,
individually and as representatives of the
Class,

         Plaintiff,

    v.

PPG Industries, Inc.,

         Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 2:16-cv-1230-DSC

Hon. David S. Cercone

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OR PROPOSED NOTICE TO SETTLEMENT CLASS

BEFORE THE COURT is the Joint Motion for Preliminary Approval of Class Settlement, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class submitted by Plaintiffs Thomas Martinez and Michael Cabrera ("Plaintiffs" or "Class Representatives"), individually, and on behalf of all Settlement Class Members and Defendant PPG Industries, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 23. The Court having considered the Motion, and any arguments of counsel presented at the hearing on _____, 2017, is of the opinion that the Motion should be granted.

It is therefore, ORDERED that the Joint Motion for Preliminary Approval of Class Settlement, Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement Class is GRANTED.

Accordingly it is FURTHER ORDERED as follows, and the Court makes the findings set forth below:

1.    <u>Preliminary Approval of the Proposed Settlement</u>. "The Class Action Settlement Agreement" ("Agreement") signed by the Parties on _____, 2017, is preliminarily

approved pending a Final Fairness Hearing.  The Court preliminarily finds that settlement on the terms in the Agreement is fair, reasonable and adequate and that such settlement is in the best interests of the Settlement Class, as that term is defined in the Agreement.  The Court further finds that the settlement proposed in the Agreement resulted from arm's length negotiations. Further, Plaintiffs' "General Release of All Claims," signed by the Parties on _____, 2017, is preliminarily approved pending a Final Fairness Hearing.

   2. <u>Class Certification for Settlement Purposes</u>.  Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court conditionally certifies, for settlement purposes only, the following class, to be known as the "Settlement Class," which consists of two subclasses as defined in the Agreement: the "Single Disclosure Subclass" and the "Multiple Disclosure Subclass:"

> All employees and/or prospective employees of Defendant within the United States who were subject to a background check by Defendant anytime between and including April 1, 2014 and June 26, 2016 (the "Class Period").

   3. <u>Prerequisites for Class Action</u>.  Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons:

   (a) The Settlement Class appears so numerous that joinder of all members is impracticable.  The Settlement Class consists of approximately 7,600 members;

   (b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved;

   (c) The Class Representatives' claims for the alleged violations of the disclosure provisions of the Fair Credit Reporting Act appear to be typical of the claims of the Settlement Class; and

   (d) The Class Representatives and Class Counsel appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement.

4.    <u>Rule 23(b)(3) Class Action</u>. The Court finds, for settlement purposes, that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because:

(a)    Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class; and,

(b)    Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class members.

5.    <u>Appointment of the Class Representatives and Class Counsel</u>.  Pursuant to Federal Rule of Civil Procedure 23(a), Plaintiffs Martinez and Cabrera are appointed as Class Representatives for the Settlement Class.  The agreed upon service payments to Plaintiffs are preliminarily approved.  In accordance with Federal Rule of Civil Procedure 23(g), the Court appoints Laura L. Ho of GOLDSTEIN, BORGEN, DARDARIAN & HO, and Brock J. Specht of NICHOLS KASTER, PLLP and Bruce C. Fox and Jeffrey B. Cadle of OBERMAYER REBMANN MAXWELL & HIPPEL LLP as Class Counsel for the Settlement Class.  The agreed-upon sum for Class Counsel for attorneys' fees and costs is preliminary approved pending a motion for approval of attorneys' fees and costs to be heard at the Final Fairness Hearing.

6.    <u>Claims Administrator</u>.  Angeion Group is appointed to serve as the claims administrator ("Claims Administrator").  Angeion Group is authorized to mail the approved Settlement Notice and the Claim Form to Settlement Class Members and further administer the settlement in accordance with the Agreement and this Order.

7.    <u>Consent Order</u>.  The Parties have stipulated that Defendant's form of disclosure and authorization attached hereto as Exhibit A is  compliant with applicable employment laws, specifically including the Fair Credit Reporting Act, the California Consumer Reporting Agencies Act, the California Investigative Consumer Reporting Agencies Act and similar laws.

At or after the Final Fairness Hearing, and if the Court enters a Final Approval Order and Final Judgment, the Court will also enter the Proposed Consent Order appended to the Agreement as **Exhibit D** ("Consent Order").

8.     Notice of Proposed Class Action Settlement.  The Court approves the form and content of the Settlement Notice appended to the Agreement as **Exhibit A** ("Settlement Notice"). Similarly, the Court approves the form and content of the Claim Forms appended to the Agreement as **Exhibit B-1 and B-2**  ("Claim Forms").  The Court finds that the form and method for notifying the Settlement Class meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances; and constitutes due and sufficient notice to all persons entitled to notice.  Within five (5) calendar days of the date of this Order, Defendant shall provide to the Claims Administrator a list of Settlement Class Members that identifies for each Settlement Class Member his/her name and last known address and telephone number.  Within fifteen (15) calendar days of the Court entering this Order, the Claims Administrator shall send the Settlement Notice and Claim Form to each Settlement Class Member, along with a pre-paid, self-addressed return envelope.  Defendant's Counsel, Class Counsel and the Claims Administrator collectively may correct immaterial errors on the Settlement Notice, Claim Form or other mailed materials without approval from the Court provided the changes do not alter the preliminary approval by the Court.  The Claims Administrator shall follow the additional procedures set forth in Paragraph 48 of the Agreement to process Settlement Notices that are undelivered and returned.

9.     Claims Procedure.  Settlement Class Members will have forty-five (45) calendar days from the initial mailing of Claim Forms by the Claims Administrator to submit their claims

or opt out, with proof of submission date being the postmark date.  Settlement Class Members

will also have forty-five (45) calendar days from the initial mailing of Claim Forms by the

Claims Administrator to object to the Settlement by mailing any objection to the Claims

Administrator, with proof of submission date being the postmark date.  Settlement Class

Members will be entitled to receive an Individual Settlement Payment only if the Settlement

Class Member does all of the following: (i) completes the Claim Form in its entirety; (ii) signs

the Claim Form certifying that its contents are true and correct; and (iii) returns the Claim Form

to the Claims Administrator with a postmarked date that is on or before the Bar Date, and (iv)

does not opt out of the settlement.

   10. <u>Opting Out of the Settlement</u>.  Unless a Settlement Class Member timely opts out

of the settlement described in the Agreement, he/she shall be bound by the terms and conditions

of the Agreement, and shall also be bound by the Court's Final Approval Order and Final

Judgment enjoining all Settlement Class Members from pursuing, or seeking to reopen, any of

the Released Claims against the Released Parties, regardless of whether he or she timely submits

a Claim Form.  A Settlement Class Member will not be entitled to opt out of the settlement

established by the Agreement unless he or she does all of the following: (i) makes a proper

written request to opt out of the Settlement; (ii) provides his/her name and address; (iii) signs the

opt-out request; and (iv) returns the opt-out request to the Claims Administrator so that it is

received or postmarked on or before the expiration of the Claim Submission Period.

   11. <u>Objecting to the Settlement</u>.  Settlement Class Members will have forty-five (45)

calendar days from the initial mailing of Claim Forms by the Claims Administrator to object to

the settlement by mailing any objection to the Claims Administrator, with proof of submission

date being the postmark date.  The objection must explain the basis for the objection, include any

supporting documents, and a statement on whether the objecting Settlement Class Member intends to appear and be heard at the Final Fairness Hearing.  Such objection must also contain the name, address, telephone number, and email address (if he/she has one) of the objecting Settlement Class Member, and be personally signed by him or her. Only objecting Settlement Class Members who make objections in the manner described in paragraph 52 of the Agreement will be considered Objectors and will therefore be permitted to be heard at the Final Fairness Hearing; Settlement Class Members who fail to make objections in the manner specified in paragraph 52 of the Agreement are not considered Objectors, shall be deemed to have waived any objections, shall be foreclosed forever from seeking review or making any objection to the settlement or the terms of the Agreement, and shall not be permitted to be heard at the Final Fairness Hearing.

12.    <u>Final Fairness Hearing</u>.  A Final Fairness Hearing is set for _____, 2017.  At the Final Fairness Hearing, the Court will consider the merits of any objections to the settlement; certification of the Settlement Class; the fairness, reasonableness, and adequacy of the proposed settlement; entry of a Final Approval Order, a Final Judgment and the Consent Order; and other related matters.

In the event that the Final Effective Date does not occur, certification shall be automatically vacated and this Preliminary Approval Order, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

**IT IS SO ORDERED**

**DATED:** _____

_____

Hon. David Stewart Cercone
United States District Judge

# Exhibit F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Thomas Martinez and Michael Cabrera,  )
individually and as representatives of the  )
Class,  )
                                     )
              Plaintiff,  )
                                     )
              v.  )
                                     )
PPG Industries, Inc.,  )
                                     )
              Defendant.  )
                                     )

Civil Action No. 2:16-cv-1230-DSC

Hon. David S. Cercone

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND FINAL JUDGMENT

BEFORE THE COURT is the Joint Motion for Final Approval of Class Settlement submitted by Plaintiffs Thomas Martinez and Michael Cabrera ("Plaintiffs" or "Class Representatives"), individually, and on behalf of all Settlement Class Members and Defendant PPG Industries, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 23.  (Docket Entry No   ).  A Final Fairness Hearing was held on_____, 2017.  The Court, having considered the Motion, the submissions of the Parties relating to the proposed settlement, any objections, the arguments of counsel at the Final Fairness Hearing as well as the pleadings and papers on file herein, is of the opinion that such Motion should be granted.

It is therefore ORDERED that the Joint Motion for Final Approval of Proposed Class Settlement is GRANTED.  Accordingly, it is further ORDERED as follows, and the Court makes the findings set forth below:

1.      Settlement Agreement.  "The Class Action Settlement Agreement"
("Agreement") that was submitted with the Parties' Joint Motion for Preliminary Approval of
Class Settlement, Conditional Certification of Settlement Class, and Approval of Proposed
Notice to Settlement Class (Docket Entry No.   ) ("Joint Motion for Preliminary Approval of
Class Settlement"); the Exhibits to the Agreement; and the definitions of words and terms
contained in the Agreement are incorporated in this Order.

2.      Preliminary Approval Order.  On _____, 2017, the Honorable Court
entered an Order Granting Joint Motion for Preliminary Approval of Class Settlement,
Conditional Certification of Settlement Class, and Approval of Proposed Notice to Settlement
Class (Docket Entry No. ___) ("Preliminary Approval Order").  The Agreement was preliminarily
approved pending the Final Fairness Hearing.  The Court also (a) conditionally certified the
Settlement Class for settlement purposes; (b) approved the form of and method of distribution of the
Settlement Notice and Claim Form to the Settlement Class; (c) appointed Plaintiffs Thomas
Martinez and Michael Cabrera as Class Representative for the Settlement Class; (d) appointed
Laura Ho of GOLDSTEIN, BORGEN, DARDARIAN & HO, Brock J. Specht of NICHOLS
KASTER, PLLP and Bruce C. Fox and Jeffrey B. Cadle of OBERMAYER REBMANN
MAXWELL & HIPPEL LLP as Class Counsel for the Settlement Class and approved the Parties'
agreed upon sum to Class Counsel for attorneys' fees and costs; and (e)  appointed Angeion Group
as the Claims Administrator.  The terms of and findings made in the Preliminary Approval Order
are adopted and incorporated into this Order.

3.      Final Class Certification for Settlement Purposes.  Pursuant to Federal Rule of
Civil Procedure 23(b)(3), the Court finally certifies, for settlement purposes only, the following

class, to be known as the "Settlement Class," which consists of two subclasses as defined in the

Agreement: the "Single Disclosure Subclass" and the "Multiple Disclosure Subclass:"

> All employees and/or prospective employees of Defendant within the United
> States who were subject to a background check by Defendant anytime between
> and including April 1, 2014 and June 26, 2016 (the "Class Period").

4.    <u>Prerequisites for Class Action</u>.  Solely for the purposes of settlement, the Court

finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are

satisfied for the following reasons:

> (a)    The Settlement Class appears so numerous that joinder of all members is
> impracticable.  The Settlement Class consists of approximately 7,600 members;

> (b)    There appear to be questions of law or fact common to the Settlement Class for
> purposes of determining whether the settlement should be approved;

> (c)    The Class Representatives' claims for the alleged violations of the disclosure
> provisions of the Fair Credit Reporting Act appear to be typical of the claims of
> the Settlement Class; and

> (d)    The Class Representatives and Class Counsel appear to be capable of fairly and
> adequately protecting the interests of the Settlement Class Members in connection
> with the proposed settlement.

5.    <u>Rule 23(b)(3) Class Action</u>. The Court finds, for settlement purposes, that this

action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because:

> (a)    Common questions of law and fact appear to predominate over questions
> affecting only individual persons in the Settlement Class; and,

> (b)    Certification of the Settlement Class appears to be superior to other available
> methods for the fair and efficient resolution of the claims of the Settlement Class
> members.

6.    <u>Notice of Class Action Settlement to the Settlement Class</u>.  Pursuant to the

Preliminary Approval Order and the Agreement, the Settlement Notice was mailed to members of

the Settlement Class.  The Court finds that the form, content, and method for notifying the

Settlement Class comply with the Preliminary Approval Order, meet the requirements of Federal

Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled to notice. The Court further finds that the Claims Administrator has complied with the Preliminary Approval Order and with the requirements of and procedures under the Agreement for distribution of the Settlement Notice to the Settlement Class.

7.      Notice Under CAFA.  Defendant timely served notices of the proposed settlement on the United States Attorney General and Attorneys General for the States in which Settlement Class Members reside pursuant to the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1715.  The Court finds that Defendant's notification of the proposed settlement fully complies with the requirements of CAFA.

8.      Exclusions.  Settlement Class Members were notified in the Settlement Notice of this class action settlement and of their opportunity to request to be excluded from, or to opt out of, the Settlement Class.  [INSERT NUMBER] individuals submitted timely written exclusion/opt-out statements to the Claims Administrator.

9.      Objections to Settlement.  Settlement Class Members were also notified in the Settlement Notice of their opportunity to object to the settlement by filing written objections with the Court.  [INSERT DETAILS ON OBJECTORS, IF ANY, AND COURT RULINGS].

10.     Final Approval of Settlement and Agreement.  The Court finally approves the proposed settlement and the Agreement submitted with the Parties' Joint Motion for Preliminary Approval of Class Settlement.  The Court finds that settlement on the terms set forth in the Agreement is fair, reasonable, and adequate and that such settlement is, in all respects, in the best interests of the Settlement Class.  Factors considered to assess the fairness, reasonableness, and adequacy of a class action settlement warrant final approval of the settlement and Agreement.  The

Court further finds that the settlement set forth in the Agreement resulted from arm's length negotiations.  The Parties are ordered to consummate the Agreement in accordance with the terms and provisions of the Agreement.

11.     Payment to Settlement Class.  The Claims Administrator shall cause checks to be issued to Settlement Class Members who submitted a timely and valid Claim Forms pursuant to the formula for calculating Individual Settlement Payments set forth in the Agreement.  The Claims Administrator shall mail settlement checks to Settlement Class Members at their last known addresses via first class United States mail, within thirty (30) calendar days of the Final Effective Date or ten (10) calendar days of Defendant remitting the funds as set forth in Paragraph 53(d) of the Agreement, whichever is later.

12.     Service Payment to Plaintiffs.  Plaintiff Martinez has applied for an award of a service payment as a Class Representative in the amount of $10,000.00 and Plaintiff Cabrera has applied for an award of a service payment as a Class Representative in the amount of $5,000.00 (the "Service Awards").  Plaintiffs' requests for the Service Awards are granted.  In accordance with the Agreement, the Claims Administrator shall make these Services Award payments to Plaintiffs, to be delivered to Class Counsel.  The Service Awards shall be delivered to Class Counsel within fifteen (15) calendar days of the Final Effective Date.

13.     Attorneys' Fees to Class Counsel.  Class Counsel has applied for an award of attorneys' fees and costs incurred in this Action in the amount of $181,000.00.  Class Counsel's request for attorney's fees and costs is granted.  The Court awards $_____ to Class Counsel for attorneys' fees and costs incurred in this Action.  In accordance with the terms of the Agreement, the Claims Administrator shall make this payment to Class Counsel within fifteen (15) calendar days of the Final Effective Date.

14.     <u>Release of Claims by Plaintiffs Martinez and Cabrera</u>.  By the Agreement, the

General Release of All Claims, this Final Approval Order, and the Final Judgment, Plaintiffs

Martinez and Cabrera have forever released, waived, acquitted and forever discharged Defendant

and all its affiliated entities, and their past, present, and future parent companies, holding

companies, limited liability companies, affiliates, subsidiaries, divisions, predecessors, successors,

partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and

assigns, and each of its/their past, present and future officers, directors, members, managers,

trustees, subcontractors, customers, agents, employees, attorneys, contractors, representatives, plan

fiduciaries and/or administrators, benefits plan sponsored or administered by Defendant or affiliated

entities, or divisions, units, branches, and any other persons or entities acting by through, under or in

concert with them (collectively, "Released Parties") from any rights, claims, demands, actions,

causes, grievances, damages or liabilities of any kind or any nature whatsoever, whether actual or

potential, known or unknown, suspected or unsuspected, that Plaintiffs have or may have against

Released Parties for all acts or omissions of any nature whatsoever, whether known or unknown,

and whether arising under any law, statute, constitution or regulation of the United States of

America or any individual state or locality which Plaintiffs now have, had, or may have had (or

claims to have had) against the Released Parties ("Released Claims"), including but not limited to,

any alleged violation of any federal or state laws, regulations and/or rules, including but not limited

to the federal Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting

Agencies Act, the California Investigative Consumer Reporting Agencies Act, the Fair Labor

Standards Act, the California Labor Code, and like federal, state and local laws, as well as common

law and statutory duties including for unfair competition, unfair business practices, negligence,

defamation, false light, negligent or intentional infliction of emotional distress and invasion of

privacy.  The Released Claims include but are not limited to those claims that arise out of or are related in any way to each Plaintiff's applications for employment with Defendant and employment with Defendant, including termination therefrom.

       15.    <u>Release of Claims by Settlement Class Members</u>.  By the Agreement, this Final Approval Order, and the Final Judgment, the Settlement Class members who have not timely and properly opted out of the settlement have released the Released Parties from all claims of any nature whatsoever, whether known or unknown, that such member of such class now has, had, or may have had (or claims to have or had) against the Released Parties that are based on the facts alleged in the complaint in the Action or like claims under or related in any way to the federal Fair Credit Reporting Act ("FCRA") or any state and local law equivalent and any and all derivative claims arising during the period between April 1, 2014, and June 26, 2016.  This includes all types of relief available for the above referenced theories of relief, including, without limitation, any claims for civil or statutory penalties, actual or statutory damages, compensatory damages, punitive damages, fines, liens, attorneys' fees, costs, expenses, interest, injunctive or declaratory relief, equitable relief, or similar relief.  It is expressly intended and understood by the Parties that the Agreement is to be construed as a complete settlement, accord, and satisfaction of the Settlement Class Members' Released Claims.  No Settlement Class Member may circumvent the spirit and intent of this release by seeking to join in any way together with any other Settlement Class Members in any action whatsoever, including any mass action under CAFA or otherwise, that asserts such Released Claims.

       16.    <u>Dismissal of Action</u>.  The Court dismisses with prejudice Plaintiffs' disclosure and authorization claims, and any and all of Plaintiffs' other claims, known or unknown, that were

asserted, or could have been asserted, against Defendant.  The Court also dismisses with prejudice all claims of the Settlement Class.

17.     <u>Binding Effect of Agreement, Order, and Judgment</u>.  The Agreement, this Final Approval Order, and the Final Judgment are binding on Plaintiffs, on all Settlement Class Members, and on all Settlement Class Members who have not submitted a timely and valid written notice of intent to opt-out of the settlement, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of Defendant and the other Released Parties, as well as to their respective, heirs, administrators, representatives, trustees, successors, and assigns.

18.     <u>Consent Order</u>.  Based on the representations by Plaintiffs and Class Counsel, and in accordance with the Parties' Agreement, the Court hereby enters the proposed Consent Order, Exhibit A hereto, as an Order of this Court.

19.     <u>Jurisdiction</u>.  Without affecting the finality of the Final Judgment in any way, the Court retains jurisdiction of matters relating to this Order and the administration, interpretation, consummation, and enforcement of the Agreement.

20.     This is a final judgment.

**IT IS SO ORDERED**

**DATED:** _____

_____
Hon. David Stewart Cercone
United States District Judge