# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Martinez and Michael Cabrera, individually and as representatives of the Class,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PPG Industries, Inc.,<br><br>　　　　　Defendant. | Civil Action No. 2:16-cv-1230-DSC<br><br>Hon. David S. Cercone |

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND FINAL JUDGMENT

BEFORE THE COURT is the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement submitted by Plaintiffs Thomas Martinez and Michael Cabrera ("Plaintiffs" or "Class Representatives"), individually, and on behalf of all Settlement Class Members pursuant to Federal Rule of Civil Procedure 23.  (Docket Entry No. 80).  A Final Fairness Hearing was held on April 19, 2018.  The Court, having considered the Motion, the submissions of the Parties relating to the proposed settlement, the lack of any objections to the settlement, the arguments of counsel at the Final Fairness Hearing, as well as the pleadings and papers on file herein, is of the opinion that such Motion should be granted.

It is therefore ORDERED that the Motion for Final Approval of Proposed Class Action Settlement is GRANTED.  Accordingly, it is further ORDERED as follows, and the Court makes the findings set forth below:

1.      Settlement Agreement.  "The Class Action Settlement Agreement" ("Agreement") that was submitted with the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Docket Entry No. 66) ("Motion for Preliminary Approval"); the Exhibits to the Agreement; and the definitions of words and terms contained in the Agreement are incorporated in this Order.

2.      Preliminary Approval Order.  On December 13, 2017, the Honorable Court entered an Order granting the Motion for Preliminary Approval (Docket Entry No. 72) ("Preliminary Approval Order").  The Agreement was preliminarily approved pending the Final Fairness Hearing.  The Court also (a) conditionally certified the Settlement Class for settlement purposes; (b) approved the form of and method of distribution of the Settlement Notice and Claim Form to the Settlement Class; (c) appointed Plaintiffs Thomas Martinez and Michael Cabrera as Class Representative for the Settlement Class; (d) appointed Laura Ho of GOLDSTEIN, BORGEN, DARDARIAN & HO, Brock J. Specht of NICHOLS KASTER, PLLP and Bruce C. Fox and Jeffrey B. Cadle of OBERMAYER REBMANN MAXWELL & HIPPEL LLP as Class Counsel for the Settlement Class and preliminarily approved the Parties' agreed upon sum to Class Counsel for attorneys' fees and costs; and (e) appointed Angeion Group as the Claims Administrator.  The terms of and findings made in the Preliminary Approval Order are adopted and incorporated into this Order.

3.      Final Class Certification for Settlement Purposes.  Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies, for settlement purposes only, the following class, to be known as the "Settlement Class," which consists of two subclasses as defined in the Agreement: the "Single Disclosure Subclass" and the "Multiple Disclosure Subclass:"

> All employees and/or prospective employees of Defendant within the United States who were subject to a background check by Defendant anytime between and including April 1, 2014 and June 26, 2016 (the "Class Period").

    4.    <u>Prerequisites for Class Action</u>.  Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) are satisfied for the following reasons:

(a) The Settlement Class appears so numerous that joinder of all members is impracticable.  The Settlement Class consists of approximately 7,600 members;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved;

(c) The Class Representatives' claims for the alleged violations of the disclosure provisions of the Fair Credit Reporting Act appear to be typical of the claims of the Settlement Class; and

(d) The Class Representatives and Class Counsel appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement.

    5.    <u>Rule 23(b)(3) Class Action</u>. The Court finds, for settlement purposes, that this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because:

(a) Common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class; and,

(b) Certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class members.

    6.    <u>Notice of Class Action Settlement to the Settlement Class</u>.   Pursuant to the Preliminary Approval Order and the Agreement, the Settlement Notice was mailed to members of the Settlement Class.  The Court finds that the form, content, and method for notifying the Settlement Class comply with the Preliminary Approval Order, meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances and constitutes due and sufficient notice to all persons entitled to notice. The Court further finds that the Claims Administrator has complied with the Preliminary Approval

Order and with the requirements of and procedures under the Agreement for distribution of the Settlement Notice to the Settlement Class.

7.      Notice Under CAFA.  Defendant timely served notices of the proposed settlement on the United States Attorney General and Attorneys General for the States in which Settlement Class Members reside pursuant to the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1715.  The Court finds that Defendant's notification of the proposed settlement fully complies with the requirements of CAFA.

8.      Exclusions.  Settlement Class Members were notified in the Settlement Notice of this class action settlement and of their opportunity to request to be excluded from, or to opt out of, the Settlement Class.  93 individuals submitted timely written exclusion/opt-out statements to the Claims Administrator.

9.      Objections to Settlement.  Settlement Class Members were also notified in the Settlement Notice of their opportunity to object to the settlement by filing written objections with the Court.  No Settlement Class Member objected to the Settlement.

10.     Final Approval of Settlement and Agreement.  The Court finally approves the proposed settlement and the Agreement submitted with the Motion for Preliminary Approval.  The Court finds that settlement on the terms set forth in the Agreement is fair, reasonable, and adequate and that such settlement is, in all respects, in the best interests of the Settlement Class.  Factors considered to assess the fairness, reasonableness, and adequacy of a class action settlement warrant final approval of the settlement and Agreement.  The Court further finds that the settlement set forth in the Agreement resulted from arm's length negotiations.  The Parties are ordered to consummate the Agreement in accordance with the terms and provisions of the Agreement.

11. <u>Payment to Settlement Class</u>. The Claims Administrator shall cause checks to be issued to Settlement Class Members who submitted a timely and valid Claim Forms pursuant to the formula for calculating Individual Settlement Payments set forth in the Agreement. The Claims Administrator shall mail settlement checks to Settlement Class Members at their last known addresses via first class United States mail, within thirty (30) calendar days of the Final Effective Date or ten (10) calendar days of Defendant remitting the funds as set forth in Paragraph 53(d) of the Agreement, whichever is later.

12. <u>Service Payment to Plaintiffs</u>. Plaintiff Martinez has applied for an award of a service payment as a Class Representative in the amount of $10,000.00 and Plaintiff Cabrera has applied for an award of a service payment as a Class Representative in the amount of $5,000.00 (the "Service Awards"). Plaintiffs' requests for the Service Awards are granted. In accordance with the Agreement, the Claims Administrator shall make these Services Award payments to Plaintiffs, to be delivered to Class Counsel. The Service Awards shall be delivered to Class Counsel within fifteen (15) calendar days of the Final Effective Date.

13. <u>Attorneys' Fees to Class Counsel</u>. Class Counsel has applied for an award of attorneys' fees and costs incurred in this Action in the amount of $181,000.00. Class Counsel's request for attorney's fees and costs is granted. The Court awards $181,000.00 to Class Counsel for attorneys' fees and costs incurred in this Action. In accordance with the terms of the Agreement, the Claims Administrator shall make this payment to Class Counsel within fifteen (15) calendar days of the Final Effective Date.

14. <u>Release of Claims by Plaintiffs Martinez and Cabrera</u>. By the Agreement, the General Release of All Claims, this Final Approval Order, and the Final Judgment, Plaintiffs Martinez and Cabrera have forever released, waived, acquitted and forever discharged Defendant

and all its affiliated entities, and their past, present, and future parent companies, holding companies, limited liability companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint ventures, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, members, managers, trustees, subcontractors, customers, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plan sponsored or administered by Defendant or affiliated entities, or divisions, units, branches, and any other persons or entities acting by through, under or in concert with them (collectively, "Released Parties") from any rights, claims, demands, actions, causes, grievances, damages or liabilities of any kind or any nature whatsoever, whether actual or potential, known or unknown, suspected or unsuspected, that Plaintiffs have or may have against Released Parties for all acts or omissions of any nature whatsoever, whether known or unknown, and whether arising under any law, statute, constitution or regulation of the United States of America or any individual state or locality which Plaintiffs now have, had, or may have had (or claims to have had) against the Released Parties ("Released Claims"), including but not limited to, any alleged violation of any federal or state laws, regulations and/or rules, including but not limited to the federal Fair Credit Reporting Act ("FCRA"), the California Consumer Credit Reporting Agencies Act, the California Investigative Consumer Reporting Agencies Act, the Fair Labor Standards Act, the California Labor Code, and like federal, state and local laws, as well as common law and statutory duties including for unfair competition, unfair business practices, negligence, defamation, false light, negligent or intentional infliction of emotional distress and invasion of privacy.  The Released Claims include but are not limited to those claims that arise out of or are related in any way to each Plaintiff's applications for employment with Defendant and employment with Defendant, including termination therefrom.

15. <u>Release of Claims by Settlement Class Members</u>.  By the Agreement, this Final Approval Order, and the Final Judgment, the Settlement Class members who have not timely and properly opted out of the settlement have released the Released Parties from all claims of any nature whatsoever, whether known or unknown, that such member of such class now has, had, or may have had (or claims to have or had) against the Released Parties that are based on the facts alleged in the complaint in the Action or like claims under or related in any way to the federal Fair Credit Reporting Act ("FCRA") or any state and local law equivalent and any and all derivative claims arising during the period between April 1, 2014, and June 26, 2016.  This includes all types of relief available for the above referenced theories of relief, including, without limitation, any claims for civil or statutory penalties, actual or statutory damages, compensatory damages, punitive damages, fines, liens, attorneys' fees, costs, expenses, interest, injunctive or declaratory relief, equitable relief, or similar relief.  It is expressly intended and understood by the Parties that the Agreement is to be construed as a complete settlement, accord, and satisfaction of the Settlement Class Members' Released Claims.  No Settlement Class Member may circumvent the spirit and intent of this release by seeking to join in any way together with any other Settlement Class Members in any action whatsoever, including any mass action under CAFA or otherwise, that asserts such Released Claims.

16. <u>Dismissal of Action</u>.  The Court dismisses with prejudice Plaintiffs' disclosure and authorization claims, and any and all of Plaintiffs' other claims, known or unknown, that were asserted, or could have been asserted, against Defendant.  The Court also dismisses with prejudice all claims of the Settlement Class.

17. <u>Binding Effect of Agreement, Order, and Judgment</u>.  The Agreement, this Final Approval Order, and the Final Judgment are binding on Plaintiffs, on all Settlement Class Members,

and on all Settlement Class Members who have not submitted a timely and valid written notice of intent to opt-out of the settlement, and their respective heirs, administrators, executors, representatives, trustees, successors, and assigns, and shall inure to the benefit of Defendant and the other Released Parties, as well as to their respective, heirs, administrators, representatives, trustees, successors, and assigns.

18. <u>Consent Order</u>. Based on the representations by Plaintiffs and Class Counsel, and in accordance with the Parties' Agreement, the Court hereby enters the proposed Consent Order, Exhibit 1 hereto, as an Order of this Court.

19. <u>Jurisdiction</u>. Without affecting the finality of the Final Judgment in any way, the Court retains jurisdiction of matters relating to this Order and the administration, interpretation, consummation, and enforcement of the Agreement.

20. This is a final judgment.

**IT IS SO ORDERED this 10th day of May, 2018.**

<pre>
                                        s/ DAVID STEWART CERCONE
                                        David Stewart Cercone
                                        Senior United States District Judge
</pre>

cc:   Brock J. Specht, Esquire
      Laura L. Ho, Esquire
      Andrew J. Horowitz, esquire
      Bruce C. Fox, Esquire
      Byron R. Goldstein, Esquire
      Jeffrey B. Cadle, Esquire
      Alison S. Hightower, Esquire
      Jill M. Weimer, Esquire
      Rod M. Fliegel, Esquire
      Gilbert Anthony Castro, Esquire

(*Via CM/ECF Electronic Mail*)